MARY E. BURNS, by EDWARD McNICHOL, her Guardian ad Litem, Appellant, *v.* THE CITY OF YONKERS, Respondent.

| 83  211 |
| 89  605 |
| 83h 211 |
| 59ad367 |

*Highway — absence of guards — damages for personal injuries — primary cause of an accident — negligence of a municipality — its duty as to highways, distinguished from that of a town.*

The balking of a horse and the backing of a vehicle off a highway down a steep bank, whereby the person driving was thrown out and injured, although, in one sense, the primary cause of an accident, will not prevent the person injured, if she be free from fault, from recovering damages for personal injuries from a municipality which was bound to maintain the highway in a proper condition.

It is the duty of municipalities and towns to place some guard at dangerous and exposed places along highways, where the happening of accidents from the failure to place guards may be reasonably anticipated.

The principle that the liability of a town for damages for personal injuries sustained by reason of the unsafe condition of a highway is limited to the liability of its highway commissioners, does not apply to a city or village.

It was shown upon the trial of an action brought to recover damages for personal injuries sustained by reason of the alleged negligence of the defendant, a city, in failing to provide safeguards on a highway, that the width of the highway, which ran along the side of a hill, at the place where the accident happened, was but seven feet; that to the west of the track there was a space of three feet on the same level, then a slope of thirteen feet with a descent of two feet, then a precipitous fall of four feet, then a descent of sixteen and one-half feet vertical in a space of thirty-one feet horizontal, and that to the east of the track there was a slight rise for fourteen feet, and then a steep ascent.

*Held,* that it was proper to submit to the jury the question whether the city was negligent in failing to provide at that place some safeguard;

That it could not be said, as a matter of law, that there was no evidence to justify the jury in finding that the city was guilty of negligence.

APPEAL by the plaintiff, Mary E. Burns, by Edward McNichol, her guardian *ad litem,* from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 2d day of June, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Westchester Circuit.

*Ellis & Harrigan,* for the appellant.

*James M. Hunt,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment in favor of the defendant, entered upon a nonsuit at Circuit. The plaintiff was driving a horse and wagon along the Saw Mill River road, in the city of Yonkers. The horse balked and backed the vehicle off the highway down a steep bank. The plaintiff was thrown out and injured. For that injury she brings this action, claiming that the defendant was guilty of negligence in not providing guards or barriers along the highway.

Though in one sense the balking of the horse may be said to have been the primary cause of the accident, this would not prevent a recovery by the plaintiff if she were free from fault. (*Macauley* v. *Mayor*, 67 N. Y. 602.)

It is not claimed on this appeal that the plaintiff was guilty of contributory negligence, at least as a matter of law.

The complaint was dismissed on the ground that no negligence was shown on the part of the defendant.

The liability of municipalities and towns for failure to erect barriers along the highway has been the subject of many recent adjudications in this State. There is no doubt that it is their duty to place some guard at dangerous and exposed places, where the happening of accidents from the failure to place guards may be reasonably anticipated. But the question is whether, under the circumstances of the particular case, the place is such that reasonable care upon the part of the municipality would treat it as dangerous and provide guards.

In *Monk* v. *Town of New Utrecht* (104 N. Y. 552), and *Hubbell* v. *City of Yonkers* (Id. 444), where the roadways of the streets were in good condition, curbs set and sidewalks constructed beyond, it was held that there was no duty to erect guards to prevent one driving over the slopes of the embankment which lay beyond the sidewalk. In *Lane* v. *Town of Hancock* (142 N. Y. 510) the town was held not liable for the absence of guards along a country highway in a sparse settlement, the road not passing a place of danger. But that case proceeds chiefly on the principle that the liability of the town is limited to the liability of the highway commissioners, a principle which does not apply to an action against a city or village. On the other hand, towns have been held liable for failure to provide guards in *Ivory* v. *Deer Park* (116 N. Y. 476) where the road

ran along the brink of a railway cut; in *Maxim* v. *Town of Champion* (4 N. Y. Supp. 515; affd., 119 N. Y. 626), where the road was supported by a retaining wall along the side of a gully, and in *Holcomb* v. *Town of Champion* (12 N. Y. Supp. 882; affd., 128 N. Y. 599), where the road ran along a retaining wall eleven feet high. In the case at bar the road ran along the side of a hill. The track is but seven feet wide; to the west of the track there is a space of three feet on the same level, then a slope of thirteen feet with a descent of two feet, then a precipitous fall of four feet, then a descent of sixteen and one-half feet vertical in thirty-one feet horizontal (a slope about that of an ordinary railway embankment) to the tree upon which the wagon struck. To the east of the track there is a slight rise for fourteen feet, and then a steep ascent. It would be a gross exaggeration to say that the descent thus described was a precipice, but the situation is certainly far different from that of the streets in the *Monk* and *Hubbell* cases. We think the case lies in that intermediate territory where it is the province of the jury to determine the question of danger and that of negligence in failing to provide security against the danger. We cannot say as a matter of law that there was no evidence to justify the jury in finding negligence.

The judgment should be reversed and a new trial ordered, costs to abide event..

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.