### THOMPSON v. PLATH.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. NEGLIGENCE—INSTRUCTIONS.

In an action for negligence of the defendant in having left his horse insecurely tied, whereby, on being teased by boys, he had broken loose and collided with plaintiff's carriage, the jury asked the court whether they should find for the defendant if they found that the boys were the sole cause of the runaway; and it was not error for the court to refuse a direct answer, and to instruct that, if the boys were the sole cause of the runaway, to find for defendant; that, if the acts of the boys would not have caused the runaway if the horse had been properly tied, the defendant is liable; that, if the acts of the boys and the negligent tying of the horse caused the injury, the defendant is liable.

2. SAME—EVIDENCE.

In an action for negligence of the defendant in having left his horse insecurely tied, so that he broke loose and collided with the plaintiff's carriage, evidence that the horse was teased and caused to break loose by boys is admissible.

Appeal from trial term, New York county.

Action by Hannah W. Thompson, for Charles F. Thompson, a lunatic, against Ernest Plath. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

R. L. Pritchard, for appellant.
George W. Schurman, for respondent.

INGRAHAM, J. The action was brought to recover damages sustained by one Charles F. Thompson by reason of a horse and carriage belonging to defendant having run into a vehicle in which the said Charles F. Thompson was driving, the defendant having wrongfully and carelessly permitted the said horse and carriage to rove and run on the public highway unattended. There was a second cause of action, alleging that the defendant "carelessly, wrongfully, defectfully, and negligently tied the said horse to a lamp-post upon 144th street, New York City," and that as a result thereof the said horse broke loose and ran upon the public streets unattended, and without being properly guarded, and ran against and struck the vehicle in which the said Charles F. Thompson was driving," causing the injury to recover for which the action was brought. It was proved that the defendant drove his horse in front of a house on 144th street, near 8th avenue, got out and tied the horse to a lamp-post, put a blanket over him, and left him there. Shortly after, the horse became restless and ran away. One witness, who saw the horse run away, stated that he did not think that there were any cars or engines moved upon the tracks in this locality after defendant left the horse. The bridle of the horse that ran away seems to have been pulled from his head, and a part of it was hanging as though he had been tied by the bridle. This bridle was the ordinary one in use. It seems to have been in good condition, being made of the same leather commonly used for bridles. It further appeared from the evidence of the defendant that this horse, though a stallion, was gentle and not subject to fright; that he was of a good disposition, and had never shown any tendency to viciousness or to run away; that he was not frightened at the elevated railroad, but was perfectly gentle; that the harness was bought from one of the best dealers in this city a few years before the accident; that on the day of the accident the harness was perfect and in all respects good. The defendant testified that he owned this horse from the time the horse was a yearling; that he had driven him for years, and was in the habit of tying him with a strap similar to the one used on the day of the accident; that he had never run away and had never broken his tie strap, although the horse had been driven for about five years; that he had never shown any viciousness or tendency to be frightened; that he had been tied under the elevated railroad frequently, and had never moved or attempted to run away; that on the day of the accident he tied the horse to a lamp-post at 8th avenue

and 144th street; that after the accident the defendant had driven the horse; and that he had never since that time been vicious or frightened. It was also proved that, after the defendant had tied this horse to the lamp-post, several boys went to the horse, in the street, and commenced tantalizing him; that they took hold of his reins and the straps, and they also got hold of the horse's ears, and threw stones at the horse and struck him; that the boys were about 14 years old; that suddenly the horse started or jumped, broke loose from the strap with which he was tied, and ran away.

The court left it to the jury to say whether or not the defendant exercised all the care of an ordinarily prudent man, and instructed them that, if he did, it was their duty to find a verdict for the defendant, saying:

"If you find that the defendant did not exercise the care of an ordinarily prudent man, considering the situation, but used a defective or insufficient strap to tie the horse, and that the accident occurred in consequence thereof, you have a right to find that he was negligent, and for such negligence may hold him liable for the consequences resulting therefrom. If, however, you find that the strap would have been sufficient but for the interference of the boys, and that their misconduct caused the injury, find for the defendant. In other words, in order to fasten liability on the defendant, you must be satisfied that the accident was caused by the negligence of the defendant, and that the plaintiff's husband was free from fault."

The court also, at the plaintiff's request, charged:

"If the jury find that third parties contributed to the defendant's horse breaking loose from his tie, such acts on the part of third parties do not relieve the defendant from liability, if the jury find also that, had the horse been properly tied or cared for at the time he broke loose, he would not have run away,"—and added: "If you find, notwithstanding what the boys did, that, if the horse had been properly tied, it would not have run away, the defendant is liable. It would not excuse the defendant, but only adds other parties to the damage, to wit, the boys."

The court also charged, at the request of the plaintiff:

"That if the jury find that the defendant's horse, under his control, was insecurely and carelessly tied to the lamp-post, the defendant is liable for all injuries produced by his runaway, even though third parties may also be liable to the plaintiff for having frightened the horse,"—adding, "If the defendant's horse was insecurely or carelessly tied, or ran away in consequence thereof, he is liable, notwithstanding default of a third party."

At the request of the defendant the court charged that if—

"Upon the entire proof in the case, they are unable to decide whether the horse broke away because of being insecurely tied, or on account of the acts of the boys, the verdict should be for the defendant."

To this the plaintiff excepted.

After the jury retired, they returned and asked the following question:

"If we find that, without regard to the manner in which the horse was tied, the boys were the sole cause of the horse running away, are we to find for the defendant?"

The court replied:

"That question involves two inconsistent propositions. Therefore, as a whole, I cannot answer it, but will divide it into three paragraphs: First. If the boys were the sole cause of the horse running away, find for the defendant. If the wrongful acts of the boys would not have caused the running away of the horse if the horse had been properly tied, the defendant is liable. If

the wrongful acts of the boys, and the negligent manner of tying the horse, together combined, caused the injury, the defendant is liable."

We think that the court correctly left this question to the jury, and that the charge was as favorable to the plaintiff as the facts justified.

The action was entirely based upon negligence, and, to entitle the plaintiff to recover, she was bound to prove by a preponderance of evidence that the defendant was negligent, and the injury resulted from such negligence. It certainly was not, as a matter of law, negligent for the defendant to leave a quiet horse, that was used to being tied, and had never shown a tendency to break away, properly and safely tied in the street; and the defendant was not bound to anticipate that a horse so tied would be interfered with by boys in the street. It was for the jury to say, considering all the circumstances, the character of the horse, the locality in which he was tied, and the materials used in tying him, whether or not the horse was properly and securely fastened, so that under ordinary circumstances he was safely and properly secured. That question was left to the jury under instructions which we think unexceptionable, and their verdict is binding upon the plaintiff.

The plaintiff objected to testimony which tended to show that the running of the horse was caused by the action of these boys, on the ground that this evidence tended to show an affirmative defense which was not pleaded. The action was based upon the negligence of the defendant, and this evidence was competent upon that question. The plaintiff had proved by an eyewitness that the horse was tied to this lamp-post and suddenly broke away, and it was certainly competent for the defendant to show the situation at the time that the horse broke away, and what frightened him or caused him to break the fastening which secured him to the lamp-post. Assuming, as claimed by the plaintiff, that the fact that the defendant left his horse in the street, and that the horse broke away from his fastening, was evidence from which the jury could infer negligence, the defendant was entitled to meet that presumption with proof to show that the accident was caused by something beyond his control, and which he could not have anticipated, and not because of any want of care or caution on his part. So as to proof that the horse was quiet and gentle, and not vicious or liable to run away or break from his fastening when properly tied. That, of itself, was not a defense, but was merely competent upon the question of the defendant's negligence in tying the horse. It is evident that the owner of a horse is bound to exercise a much greater degree of care in leaving a horse unattended in the street, where the horse had shown a vicious disposition and an inclination to break away from his fastening and run, than if the horse were quiet and accustomed to being tied under like conditions, and had never shown a disposition to break from his fastening. Upon the whole case, we think the question was properly submitted to the jury, and that no error was committed.

The judgment appealed from should be affirmed, with costs. All concur.