PORCELLA v. MUTUAL RESERVE FUND LIFE ASS'N.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

NEGLIGENCE—PROXIMATE CAUSE—UNGUARDED ELEVATOR PIT.
  Where an infant slipped on sand lying on the sidewalk in front of defendant's building, recovered himself, and then slipped again, and fell into an unguarded elevator pit on a level with the sidewalk, and connecting it with the subcellar of such building, and was injured, defendant's negligence in allowing the pit to remain unguarded was the direct cause of the injury, and the dismissal of the infant's complaint on the ground that his injuries resulted from the independent cause of slipping on the sand was error.

Appeal from trial term, New York county.

Action for injuries by Frederick Porcella, an infant, etc., against the Mutual Reserve Fund Life Association. From a judgment dismissing plaintiff's complaint, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Thomas P. Wickes, for appellant.
Charles C. Nadal, for respondent.

PER CURIAM. On the trial of this action the complaint was dismissed upon the ground that the proximate cause of the injury sustained by the infant plaintiff was not to be found in any wrongful act or omission of the defendant. The action was brought to recover damages for personal injuries sustained by the infant plaintiff, who fell into a pit or opening at the side of a building owned by the defendant. In this pit was operated an elevator or lift, consisting of a platform moved up and down by machinery from the sidewalk level to the subcellar below, a distance of some 20 feet. It appeared in evidence that the infant plaintiff and a younger sister were playing on the sidewalk in front of the elevator opening. Opposite that opening, and about five feet from it, was a pile of bricks and sand. One of the witnesses testified that the building was being repaired. The pile of bricks and sand was partly on the sidewalk and partly in

the carriage way. An older brother of the infant plaintiff called him away from the pile at which he was playing, and in passing along, about a foot from the southerly edge of the pit, the infant plaintiff slipped upon the grains of sand upon the sidewalk, recovered himself, slipped again, and fell into the pit feet foremost, and in his descent his head was caught in some part of the apparatus, and he sustained serious injuries. The evidence tends to show that the pit, or "hoist-way," as it is called in the record, was unguarded, there being no barrier of any kind in front of it; the folding doors which were provided to cover it being open at the time the accident happened. The learned judge dismissed the complaint on the ground that the cause of the accident and injuries was an independent one, namely, that of the child slipping upon the sand on the sidewalk; or, as he says, "the child slipped, and undoubtedly in slipping rolled into this space, and received the injuries in some way."

We do not think the question of proximate cause was the determinant one in this case. There was a direct connection between the wrong of the defendant in maintaining this open and unguarded pit upon the level of the sidewalk and the injury sustained by the infant plaintiff by falling into that pit. That the slipping upon the sidewalk was the first incident in the chain of causation which led to his falling into the pit is quite clear, but the injuries in the pit would not have been sustained but for the wrong of the defendant in allowing it to remain unprotected and unguarded in or by the side of the highway. There was no sufficient and independent cause operating between the wrong and the injury. If the rule as to proximate cause applied in this case was to be sanctioned, then it is obvious that a person slipping upon the highway, and into a pitfall negligently or unlawfully maintained as an appurtenance to property, is without remedy against a wrongdoer. The doctrine of proximate cause, in its general definition, is well understood, although it is very difficult of application in many concrete cases; but here the direct relation of cause and effect is established, for, had not this pit been open and unguarded, the infant plaintiff, notwithstanding his fall on the sidewalk, could not have sustained the injuries from which he suffered, and that is the cause to which those injuries are directly attributable.

We think the view taken by the learned judge was erroneous, and the judgment must be reversed, and a new trial ordered, with costs to abide the event.