### BERMAN et al. v. SCHULTZ.

(Supreme Court, Appellate Term. June 22, 1903.)

1. HIGHWAYS—AUTOMOBILES—COLLISION—EVIDENCE.
    Where there was evidence that defendant's automobile was started by the willful act of two boys who were playing about it while it was standing in the street while the chaffeur was delivering mineral water, a finding of the trial judge that he did not believe the latter's evidence that before leaving the automobile he threw off the current, pulling back the lever, and applied the brake, and that if he had done such things, the damage could not have been inflicted, was not supported by the evidence.

2. SAME—DUTY OF CHAFFEUR.
    It is not the duty of a chaffeur, before leaving an automobile in the street, while temporarily absent, delivering goods in an adjoining house, to chain the machine to a post, or in some other manner fasten it so that it would be impossible for it to be started by the act of a third person.

3. SAME—PROXIMATE CAUSE.
    Where an automobile left in a street by the chaffeur after having turned off the power and applied the brake was started by the willful act of two small boys, and thereupon collided with plaintiff's wagon, the act of the boys was the proximate cause of the injury, and the owner was therefore not liable.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by David Berman and another against Carl H. Schultz. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Hansen, Zinsser & Power, for appellant.
I. Cohn, for respondents.

GILDERSLEEVE, J. The action is for injuries to personal property. Plaintiffs' horse and wagon were left standing at the southeast corner of Ninety-Eighth street and Third avenue. The defendant's automobile was left unattended in front of No. 114 East Ninety-Eighth street while the operator went in the building to deliver mineral water. The operator, an experienced chaffeur, testified that before going away from his machine he threw off the current, put on the brake, and threw off the switch, so that the machine could not start of itself. It appears from the testimony that some boys, during the absence of the operator, played about the automobile. One got onto the machine, lifted the cover under the driver's seat, where the apparatus was, pulled something, rang the bell, and then the machine started off, and struck the plaintiffs' horse and wagon. On the

former trial, the justice gave judgment for the plaintiffs. This was reversed by the Appellate Term (see Berman v. Schultz, 40 Misc. Rep. 212, 81 N. Y. Supp. 647) on the ground that the proximate cause of the collision was the act of the boys, which, being the intervening act of third parties, exempted defendant from liability. On the new trial, upon practically the same testimony, the justice gave judgment for the plaintiffs.

The judgment is based upon the conclusion of the learned trial justice that the operator of the machine did not exercise due and proper care, before leaving the machine, to guard against accident; that it was not left "in a proper condition to guard against the possibility of its running away." The following statement appears in the decision:

"I do not believe that he [chaffeur] did what he testified to with reference to throwing off the curent, pulling back the lever, and applying the brake —more especially the latter. If he had done all these things, the damage inflicted could not have been done."

It does not necessarily follow that, had all these things been done, the starting of the machine could not have been brought about in the manner claimed by the defendant. There is no support in the evidence for this conclusion of the learned trial justice. It was not the duty of the defendant to chain the machine to a post, or in some way fasten it so that it was impossible for it to be started by the act of a third party. The law did not impose upon the defendant a degree of care that made the starting of the machine impossible. It was the duty of the defendant to exercise such care as a person of ordinary prudence would use under the circumstances. The precautions for safety to which the learned trial justice referred were "throwing off the power, putting on the brake, and throwing off the switch." These things the chaffeur testified he did. Reverse action of any third party in respect to these three things would necessarily start the machine. If the chaffeur had omitted any of them before leaving the machine, the task of a mischievous intruder was simply made easier. The evidence precludes the theory that the machine started of its own accord. The testimony that some boy or boys from the street did something to the machine that set it in motion is given by two eyewitnesses, both strangers to the parties to this action and strictly disinterested. The acts of the boys were willful, and not negligent. It cannot, therefore, truly be said that the chaffeur co-operated in an act directly causing the injury, and that upon this theory the defendant must be held liable. The testimony upon the trial now under review does not change the situation presented at the previous trial. The facts are substantially the same. The plaintiffs failed to sustain the burden of showing that the defendant was guilty of an act of negligence that was the proximate cause of the injury. It was clearly an intervening act of a third party, in no way connected with the defendant, that set the machine in motion and caused the injury. The rule is well settled that, where the proximate cause of the injury complained of is the intervening act of a third party, the defendant is not liable. Mars v. D. & H. R. Co., 54 Hun, 625, 8 N. Y. Supp. 107; Thompson v. Plath, 44 App.

Div. 291, 60 N. Y. Supp. 621; Laidlaw v. Sage, 158 N. Y. 73, 52 N.
E. 679, 44 L. R. A. 216.

It follows that the judgment must be again reversed, and a new
trial ordered, with costs to the appellant to abide the event.   All
concur.