(120 App. Div. 524)

## McGOVERN v. DEGNON–McLEAN CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department. June 28, 1907.)

NEGLIGENCE—PROXIMATE CAUSE.

Plaintiff, when injured, was standing near a wagon about to be loaded with dirt by a crane and bucket. The mast of the crane slightly inclined toward the north, and as the boom and bucket were turned north toward plaintiff he made a quick motion to avoid them. At this instant the horses started the wagon, and plaintiff, fearing that his foot would be caught under the wheels, put his hand on the side of the wagon. The bucket was then directly over plaintiff's hand, and the foreman, without knowing that plaintiff was in any danger, opened the bucket, and it caught plaintiff's hand and injured it. Held, that plaintiff's involuntary act in placing his hand on the side of the wagon, and not the tipping of the mast of the derrick nor the tripping of the bucket, was the proximate cause of the injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 69–80.]

Rich, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by George B. McGovern against the Degnon-McLean Contracting Company. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

James F. Donnelly, for appellant.

Richard J. Donovan (Herbert D. Cohen, on the brief), for respondent.

HOOKER, J. The plaintiff's hand was injured, and in this action for damages therefor he has recovered a judgment upon the verdict of a jury. The defendant was a subcontractor engaged in excavating, in connection with the construction of the subway, at the northwest corner of Forty-Second street and Vanderbilt avenue, in the borough of Manhattan. The defendant was raising dirt out of the excavation a few feet from the curb at that corner, and loading it into wagons by means of a derrick and large steel bucket.

Adopting the view of the case most favorable to the plaintiff, we are of the opinion that he may not recover in this action. The derrick consisted of a mast stepped into a platform slightly above the level of the street, and, according to the plaintiff's testimony, this mast tipped toward the north. The boom, from whose outer end depended the bucket, was during the course of this work swung from a position over the hole, easterly and southerly, to a position over wagons provided to receive dirt from the excavation as it was released from the steel bucket, and the dirt was by them carted away. The hole through which the dirt was being hoisted was then a few feet from the northerly curb line of Forty-Second street, and the wagons into which the dirt was being discharged were in the highway a few feet southeast of the hole. On the morning of the accident the plaintiff, looking for work, applied to the defendant's foreman, who was directing the men in this excavation. On being advised that the foreman had no work for him, he stayed about the place for 15 or 20 minutes, during part of which time he and the foreman discussed the probability of the plaintiff getting work from a mutual acquaintance on Forty-Second street, but whose exact address the foreman did not know. Soon thereafter the plaintiff started to go away, and had reached the north sidewalk when the foreman called him back, and told him he would ascertain the exact address. The foreman at that time was engaged in pulling the boom and bucket by means of a rope from their position over the hole to a position over the wagon, and consequently his station was just to the south of the wagon. The foreman called to the plaintiff just as the bucket was being hoisted from the hole, and as this bucket and the derrick, pulled by the foreman with the rope, went south, the plaintiff followed and reached the north side of the wagon as the foreman, having brought the bucket directly over the wagon, let loose the rope. At that moment, owing, doubtless, to the northerly inclination of the mast of the derrick, the boom and bucket started to swing north toward the plaintiff, who made a quick motion to avoid them. At that instant the horses attached to the wagon started to move, and the plaintiff, who was very near the wagon, fearing that his foot would be caught under the wheels, put his hand on the side of the wagon to clear himself. At that moment the bucket had reached in its northerly swing a point directly over the plaintiff's hand, and

the foreman, without knowing that the plaintiff was in any danger, opened the bucket by means of tripping for the purpose of discharging its contents into the wagon. The opening bucket caught the plaintiff's hand and injured it.

Neither the swing of the boom and bucket northerly, due, according to the plaintiff's evidence, to the fact that the mast of the derrick was out of plumb, nor the tripping of the bucket, was the proximate cause of the injury. The plaintiff's involuntary act in placing his hand on the side of the wagon to prevent his being caught by the wagon wheels as the horses moved was the direct cause, for the accident would not have happened but for the starting of the horses, and this act was not reasonably to be foreseen, nor is it alleged as an act of negligence. "A proximate cause is one in which is involved the idea of necessity. It is one the connection between which and the effect is plain and intelligible; it is one which can be used as a term by which a proposition can be demonstrated; that is, one which can be reasoned from conclusively. A remote cause is one which is inconclusive in reasoning, because from it no certain conclusion can be legitimately drawn. In other words, a remote cause is a cause the connection between which and the effect is uncertain, vague, or indeterminate. It does not contain in itself the element of necessity between it and its effect. From the remote cause the effect does not necessarily flow. * * * This idea of necessity—the necessary connection between the cause and the effect—is the prime distinction between a proximate and a remote cause. The proximate cause being given, the effect must follow. But although the existence of a remote cause is necessary for the existence of the effect (for unless there has been a remote cause there can be no effect), still the existence of the remote cause does not necessarily imply the existence of the effect. The remote cause being given, the effect may or may not follow." 4 Am. Law Rev. 201, 203; Laidlaw v. Sage, 158 N. Y. 73, 99, 52 N. E. 679, 44 L. R. A. 216. And in Hoffman v. King, 160 N. Y. 618, 627, 55 N. E. 401, 46 L. R. A. 672, 73 Am. St. Rep. 715, it is said:

"The damage must be the proximate result of the negligent act. It must be such as the ordinary mind would reasonably expect as a probable result of the act, otherwise no liability exists."

Tested thus, it seems clear that the swinging of the bucket was the remote and not the proximate cause of the plaintiff's injury, for by no process of logical reasoning could it be made to appear that the accident of pinching the plaintiff's fingers between the bucket and the wagon was likely to occur because of the tip of the mast, and the consequent liability of the boom and bucket to move. It is true that the happening of such an accident was possible, as indeed the occurrence itself demonstrates, but the possibility was so remote, and the process of reasoning from such cause to such effect would of necessity be so uncertain and vague, that the movement of the bucket must be denominated a remote cause. Had the moving bucket struck plaintiff while in a reasonably careful use of the street under the circumstances, without the intervention of another agency, a different question might be presented. It is entirely unreasonable to the ordinary mind to suppose

that an accident of this character or any similar character would probably result from the combination of wagon and bucket liable to move and be tripped; and, this being so, liability does not attach to the defendant.

The judgment should be reversed and a new trial granted, costs to abide the event. All concur, except RICH, J., who dissents.

