(71 Misc. Rep. 30.)

### HARTMAN v. BERLIN & JONES ENVELOPE CO.

(Supreme Court, Trial Term, Kings County.   January 30, 1911.)

1. MASTER AND SERVANT (§ 121*)—GUARDING MACHINERY—NECESSITY.

Labor Law (Consol. Laws, c. 31) § 81, requiring dangerous machinery to be guarded, requires that parts dangerous to employés whose duties require them to work in the immediate vicinity be properly guarded to minimize the attendant dangers; the employer being required to guard against such dangers as would occur to a reasonably prudent man as apt to happen.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. § 121.*]

2. NEGLIGENCE (§ 56*)—"PRIMARY CAUSE"—"PROXIMATE CAUSE."

"Primary" cause and "proximate" cause are not synonymous.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. § 56.*

For other definitions, see Words and Phrases, vol. 6, pp. 5550, 5758–5769; vol. 8, p. 7771.]

3. MASTER AND SERVANT (§ 129*)—INJURY TO EMPLOYÉ—PROXIMATE CAUSE.

The proximate cause of injury to an employé caused by a revolving fly wheel belt, against which he was thrown by slipping while attempting to lift a barrel, was the unguarded condition of the belt, and not his slipping or the fall of the barrel.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 257; Dec. Dig. § 129.*]

4. NEGLIGENCE (§ 56*)—PROXIMATE CAUSE.

Whether an accident was proximately caused by negligence is determined by whether the accident would have happened without such negligence and whether the accident or resultant injury was reasonably to be foreseen.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. § 56.*]

5. MASTER AND SERVANT (§ 285*)—INJURY TO EMPLOYÉS—JURY QUESTIONS.

If an accident to an employé would not have happened but for the employer's negligence, whether it was reasonably to have been foreseen must be left to the jury; it being only where the accident is so extraordinary that it clearly appears that a prudent person could not have foreseen it that the court will be justified in taking the question from the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1002; Dec. Dig. § 285.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. MASTER AND SERVANT (§ 121*)—GUARDING MACHINERY—PURPOSE.

The requirement of Labor Law (Consol. Laws, c. 31) § 81, that belts and machinery be guarded, is not merely to protect operators thereof, but to guard all who in course of their work must be in the immediate vicinity of moving machinery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. § 121.*]

7. MASTER AND SERVANT (§ 288*)—ASSUMPTION OF RISK—PROMISE TO REMEDY.

Whether an injured employé assumed the risk is for the jury, where he remained in the presence of a known danger under a promise by the employer to repair or remedy.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

Action by John Hartman against the Berlin & Jones Envelope Company. On defendant's motion for new trial. Motion denied.

Philip A. Brennan, for plaintiff.

Nadal, Jones & Mowton, for defendants.

CRANE, J. While the plaintiff was attempting to lift an oil barrel from a tank about on a level with his shoulders, it struck against him with such force as to throw him backwards and onto a rapidly revolving fly wheel belt, causing him very serious injuries. The belt ran from a drum about 7 feet from the floor in a slanting direction toward and through the floor parallel with the oil tanks and about 2½ feet from them. As the plaintiff was at work lifting down the oil barrel, as directed by his master, the fly wheel belt was revolving, about 2½ feet behind him. This belt was unguarded and unprotected, in violation, as it is claimed by the plaintiff, of section 81 of the labor law (Consol. Laws, c. 31).

The defendant upon the trial was very insistent that the recent case of Valentino v. Garvin Machine Company, 139 App. Div. 141, 123 N. Y. Supp. 959, decided in June, 1910, was an authority for the proposition that, as the barrel fell upon and struck the plaintiff and threw him onto the belt, this was the proximate cause of the accident, and not the failure of guards about the belt.

It is claimed that the Valentino Case decided that, if a person slipped upon the floor of a factory and fell into unguarded machinery, the slipping was the proximate cause of the accident. This was not the decision in the Valentino Case, as I read it; but, if it were, it is contrary to every other authority that I have been able to find.

Section 81 of the labor law, as explained in Glens Falls Portland Cement Company v. Travelers' Insurance Company, 162 N. Y. 399, 56 N. E. 895, does not require that every piece of machinery in a large building should be covered or guarded, as this would be impracticable, but it does require that those parts of the machinery which are dangerous to the servants whose duties require them to work in the immediate vicinity should be properly guarded so as to minimize, as far as practicable, the dangers attending their labors. The master is required only to guard against such dangers as would occur to a reasonable, prudent man as liable to happen.

The Valentino Case must have been decided upon the theory that there was no actionable negligence in not guarding the cogwheels;

that is, that the cogwheels were in such a position that the master, under section 81 of the labor law, was not called upon to guard them. As stated in the opinion of Mr. Justice Burr, the evidence failed to establish any actionable negligence, citing the Glens Falls Case above quoted from. If there were no duty to guard the cogwheels, and there was no actionable negligence from failure to guard them, of course there was no cause of action, no matter how the plaintiff's hand got into the machinery. The doctrine of proximate cause had nothing whatever to do with the case, as there was no negligence of the defendant to begin with. The machinery had no more to do with the accident than the sidewalk has when a person slips thereon and cracks his head against it.

The opinion in the Valentino Case refers to Buckley v. Gutta Percha & Rubber Company, 113 N. Y. 540, 21 N. E. 717, as an authority for its statements; but the Buckley Case is in line with what I have been saying, in that there was no cause of action because there was no negligence causing or concurring in causing the accident. The plaintiff in that case based his cause of action upon the failure of the defendant to instruct him regarding the dangers of certain cogwheels. There was no claim that the cogwheels should have been guarded, but the whole case rested upon the failure to make known the hidden dangers. The court decided that, even if the master had explained and made known everything, the accident would have happened just the same, so that no blame whatever could attach to the defendant for failure to instruct.

In so far as the Valentino Case decides that there was no negligence whatever in the defendant for failure to guard the cogs, and therefore no cause of action, it follows the Buckley Case, which held that there was no cause of action from failure to instruct, as such failure had nothing whatever to do with the injury, and instructions would not have prevented it. But the Buckley Case is not an authority for the proposition that, if the defendant were negligent, the slipping upon the floor would be the proximate cause of the accident, as those words are used in determining legal responsibility.

Of course the slipping in the Buckley Case and in the Valentino Case was the cause of the accident, as there was no negligence whatever upon the part of the defendant in either case. Therefore I do not read the Valentino Case as stating the proposition that, if the cogs in that case should have been guarded under section 81 of the labor law as to employés working about them, the slipping upon the floor of one whose hand thereby went into them would be the proximate cause of the injury. It is true the opinion states that the slipping was the primary cause of the injury, but "primary cause" and "proximate cause" are not one and the same thing. Such meaning cannot be given to this opinion in view of the long line of authorities to the contrary.

Martin v. Walker & Williams Manufacturing Company, 198 N. Y. 324, 91 N. E. 798, related to a machine which, under section 81 of the labor law, should have been guarded. The plaintiff slipped and fell into the machine sustaining injuries which might have been prevented by a guard. The court said that it was established by the evidence that the plaintiff was not guilty of contributory negligence, that he

slipped on the platform, that it was practical to cover the machine, that it was the duty of the defendant to do so, that if the defendant had performed this duty the injury would not have occurred, and that these facts justified a recovery. Not one word here that the slipping was the proximate cause of the injury and not the unguarded machinery. The opinion of Judge Haight says:

"It is quite true that accidents do happen which are so extraordinary that a careful, prudent person could not anticipate they were liable to occur. In such cases the court may be justified in disposing of them as presenting only questions of law; but ordinarily they present questions of fact or mixed questions of fact and law, and in our judgment the case under consideration falls under the latter cases."

The plaintiff in Perrotta v. Richmond Brick Company, 123 App. Div. 626, 108 N. Y. Supp. 10 (Second Department), to avoid a stone coming from above, dodged, and his arm was caught in cogs which should have been guarded. There was no claim that the stone, or the dodging of the stone, was the proximate or primary cause of the accident.

In Johnson v. Onondaga Paper Company, 112 App. Div. 667, 98 N. Y. Supp. 602, plaintiff slipped on an oily floor, and his leg went into unguarded belt and pulleys. Under section 81 of the labor law, it was held to be a case for the jury; there being no intimation that the slipping was the proximate or primary cause.

The machine in Kremer v. New York Edison Company, 102 App. Div. 433, 92 N. Y. Supp. 883, was not fitted with an automatic current breaker which would have prevented the accident, caused by the negligent turning on of a switch by a fellow servant, and it was said:

"Of course the absence of the circuit breaker could not in a literal sense be said to have been the cause of this accident; its presence, however, would have prevented it, and its absence, being a breach of duty on the part of the master, was a juridical cause."

In Porcella v. Mutual Reserve Fund Life Association, 50 App. Div. 158, 63 N. Y. Supp. 599, a child slipped while playing upon a pile of building sand in the street and fell into an unguarded elevator shaft. The complaint was dismissed, on the ground that the slipping was the proximate cause, but this was reversed on appeal; the court saying:

"There was a direct connection between the wrong of the defendant in maintaining this open and unguarded pit upon the level of the sidewalk and the injury sustained by the infant plaintiff by falling into that pit. That the slipping upon the sidewalk was the first incident in the chain of causation which led to his falling into the pit is quite clear; but the injuries in the pit would not have been sustained but for the wrong of the defendant in allowing it to remain unprotected and unguarded in or by the side of the highway. If the rule as to proximate cause in this case were to be sanctioned, then it is obvious that a person slipping upon the highway and into a pitfall negligently or unlawfully maintained as an appurtenance to property is without remedy against a wrongdoer."

In the case of Deegan v. Gutta Percha & Rubber Manufacturing Company, 131 App. Div. 101, 115 N. Y. Supp. 291, the plaintiff's hand was drawn into a machine for which happening the defendant was in no way liable; but it was claimed that subsequent serious injury was caused by the lack of a belt-shifter to stop the machine. It was

claimed that the absence of the shifter was not the proximate cause, the answer to which was given in the opinion as follows:

"But the accident of having the hand caught was the condition, not the cause, of the injuries. It was not the causa causans, but the causa sine qua non. A judgment exactly in point is Taylor v. Felsing, 164 Ill. 331 [45 N. E. 161], when the servant went into a passageway near the gearing of cogwheels and slipped so that he fell into the wheels. Among other acts or omissions, the plaintiff charged negligence in the absence of a known apparatus to stop the wheel. It was contended that, if the plaintiff came into contact by an accident of his foot slipping, the defendant was not liable. But the court held that the fact that the slipping was accidental could not relieve the master if he were guilty of such negligence in respect to the machine and the plaintiff exercised due care."

Rosenbaum v. Shoffner, 98 Tenn. 624, 40 S. W. 1086, contained the facts of the purchaser in a storehouse, while examining stoves, striking his foot against the edge of a platform, stumbling and falling to his death through an unguarded elevator shaft. It was held that the proximate cause of the accident was the negligent act of leaving the elevator shaft unguarded, and not the fall caused by the stumbling from the platform. It was said:

"The stumbling on the platform was the cause of the fall, but it might not have been injurious but for the open elevator shaft, and if that was negligently left open, and in consequence the deceased was killed, the defendant would be liable."

Innumerable have been the cases where accidents have happened through the negligence of leaving bridges or embankments unguarded and unprotected. It was never claimed in any of these that the frightening of a horse, or his becoming unmanageable, or the slipping and falling, was the proximate cause of the injury.

Burns v. City of Yonkers, 83 Hun, 211, 31 N. Y. Supp. 757, where we again find the word "primary" used, says:

"Though in one sense the balking of the horse may be said to have been the primary cause of the accident, this would not prevent recovery by the plaintiff if she were free from fault." Fox v. Union Turnpike Company, 59 App. Div. 363, 69 N. Y. Supp. 551; Kiernan v. Mayor, 14 App. Div. 156, 43 N. Y. Supp. 538.

In this latter case a young girl passing along the street became dizzy and faint, and fell down an embankment not sufficiently guarded; but the fainting spell was not held to be the proximate cause of the injury. See, also, Wallace v. Town of New Albion, 121 App. Div. 66, 105 N. Y. Supp. 524.

After a review of the above authorities, it cannot be successfully contended that the slipping of the plaintiff or the fall of the barrel upon him, and not the unguarded belt, was the proximate cause of the accident.

So much has been written on the doctrine of "proximate cause" that it may appear to some an increase of confusion to add thereto. But through all the cases there runs a rule, a guiding principle, which is much simpler than the oft-quoted text-books have made it.

"The doctrine of proximate cause," it was said in Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216, "is a fundamental rule of the law of damages, to the effect that damages are to be allowed in general only for the

proximate consequences of the wrong. * * * Another principle of proximate cause which seems to be well established is that an accident or injury cannot be attributed to a cause unless, without its operation, it would not have happened."

Much has been written in attempting to define or explain proximate cause, many of the authorities copying at length ·from text-books like Shearman and Redfield on the Law of Negligence, Wharton on Negligence, and Thompson on Negligence. It has been termed "proximate consequences" or "those consequences which follow in ordinary, unbroken sequence," and in many of the recent authorities "those circumstances which follow without the intervention of an independent cause." Laidlaw v. Sage, supra; Kremer v. N. Y. Edison Co., 102 App. Div. 433, 92 N. Y. Supp. 883; Conroy v. Acken, 110 App. Div. 48, 96 N. Y. Supp. 530; Trapp v. McClellan, 68 App. Div. 365, 74 N. Y. Supp. 130.

It is defined in Sallie v. N. Y. City Railway Co., 110 App. Div. 665, 97 N. Y. Supp. 491, as follows:

"A proximate cause is an efficient cause. It is the one the connection between which and the effect is plain and intelligible."

Again it is said to be one which is involved in the "idea of necessity." McGovern v. Degnon-McLean Contracting Co., 120 App. Div. 524, 105 N. Y. Supp. 408.

Many of these definitions are vague and difficult of application. Where a. horse had been left upon the street unhitched, and a third person deliberately hit the horse and started him off to the injury of others, the owner of the animal has been held liable for the negligence of leaving the horse unhitched, as the proximate cause of the injury. This could hardly be considered "unbroken sequence" or "consequences which follow without the intervention of an independent cause." Illidge v. Goodwin, 5 Car. & Pay. 190; Lynch v. Nurdin, 1 Ad. & El. N. S. 29; McCahill v. Kipp, 2 E. D. Smith, 413; Thompson v. Plath, 44 App. Div. 291, 60 N. Y. Supp. 621.

If, instead of turning to the text-books, we deduce from the adjudged cases the rule which has been actually applied, it appears to be this: Given the defendant's negligent act and the injury, the determining questions are: (1) Would the accident have happened without the operation of the defendant's negligence? (2) Was the accident or the resultant injury reasonably to be foreseen or anticipated?

If, without the operation of the defendant's negligence, the accident would not have happened, and it was one reasonably to be foreseen and anticipated, the cause of action is established. The following cases would seem to support this conclusion and statement of the law:

Leeds v. N. Y. Telephone Co., 178 N. Y. 118, 70 N. E. 219, pertained to a derrick which struck a wire attached to a chimney causing a brick to fall upon a passerby. In an action against the telephone company for maintaining this wire on a defective chimney, the court said:

"The theory of defendant's negligence must rest upon the proposition that in the condition of the chimney, which inspection would have disclosed, the

defendant should have foreseen possible interference with its wire, in the course of the building operations on the other side of the street, and the possible consequence to the chimney. An apparent vice in this proposition is the assumption that, had the chimney been different, or newer, or sounder, in its construction, it would have been able, successfully, to resist the strain caused by the blow of the great derrick boom against the wire. I doubt that we can indulge in such an assumption, in order to find a concurring act, or omission of duty. It seems to me that guilty, or responsible, concurrence in causing an injury involves the idea of two, or more, active agencies, co-operating to produce it; either of which must be an efficient cause, without the operation of which the accident would not have happened. * * * Was it (the accident) the result of the intervention of an independent cause which defendant was not bound to anticipate? * * * The negligent conduct of the persons in using the derrick upon the building was an unusual occurrence, and not such as should have been foreseen by the defendant."

Again, Judge Vann in the dissenting opinion says:

"Concurring negligence is not an intervening cause within the meaning of the law, provided the result was a reasonable probability. If the defendant, acting with the average prudence of mankind, should have foreseen that interference with its wire was likely to occur through the building operations, of which it should have known, its negligence is not excused by the negligence of those engaged in erecting the building, because it was bound to the exercise of due care to prevent injury through the union of its own action with that of another. * * * The negligent act of a stranger did not excuse the negligence of the defendant, provided some such act, not necessarily the one which did occur, but any similar act that might have occurred, was liable to happen in the judgment of a man of ordinary prudence."

The Court of Appeals evidently based its conclusion in this case upon the ground that, even if the telephone company had not been negligent, the accident would nevertheless have happened.

Hoffman v. King, 160 N. Y. 618, 55 N. E. 401, 46 L. R. A. 672, 73 Am. St. Rep. 715, gave this statement of this rule:

"The damage must be the proximate result of the negligent act. It must be such as the ordinary mind would reasonably expect as a probable result of the act."

Cleveland v. New Jersey Steamboat Company, 68 N. Y. 306, was based upon facts showing that a passenger was pushed out of the gangway of a boat. The guiding rule was given thus:

"It is to be ascertained that it (the occurrence) was one which was reasonably to be anticipated and which the defendant ought to have expected as liable to take place in the natural course of things."

In Wynkoop v. Ludlow Valve Manufacturing Company, 196 N. Y. 324, 89 N. E. 827, where a man fell and put his hand in front of the wheels of a traveling crane and was injured, this expression is found:

"The possibility of a person falling while in such room and in falling of putting his hand in front of the wheel of the truck was so remote that an ordinarily prudent man would not guard against it. An experienced man would not have anticipated such an accident."

Fox v. Union Turnpike Co., supra, presented the following determining question: "Was the accident reasonably to be anticipated?"

In Fine v. Interurban Street Railway Company, 45 Misc. Rep. 587, 91 N. Y. Supp. 43, proximate cause has been explained as follows:

"For the predicament of negligence as an efficient or proximate cause of injury it is enough that in the exercise of reasonable care the person or per-

127 N.Y.S.—13

sons charged with negligence might reasonably have foreseen that some injury would result from his or their conduct. It need not be shown that he or they could reasonably have anticipated the actual consequences."

See, also, Columbia College Law Review, vol. 9, pp. 16, 136, where numerous authorities are collected to show that "the independent responsible cause" theory is not always determinative.

Very recently the Supreme Court of California has passed upon the doctrine of "proximate cause" in Merrill v. Los Angeles Gas & Electric Company, 111 Pac. 534, in the following language:

"The proximate cause of the law is not the proximate cause of the logician, nor even always in strictness the proximate cause in fact, and a jury may easily be confused and misled by overniceties in these abstractions. * * * The proximate causation is not always arrested by the intervention of an independent concurring cause, whether that independent concurring cause may be classified as an act of God or the wrongful act of a third person. The cases serve to illustrate the true rule, which is that the independent wrongful act to constitute proximate cause by displacing the original primary cause must be so disconnected in time and nature as to make it plain that the damage occasioned was in no way a natural or probable consequence of the original wrongful act or omission."

If the accident would not have happened but for the defendant's negligence, then whether or not the accident was reasonably to have been anticipated must be left as a question of fact for the jury. Mills v. Bunke, 59 App. Div. 39, 69 N. Y. Supp. 96, and as stated by Judge Haight in the Martin Case quoted above. It is only where the accident is so extraordinary that it clearly appears that a prudent person could not have anticipated it that the court will be justified in taking this question from the jury.

The guarding of belts and machinery is not simply to protect those operating machinery as sometimes intimated, but is to guard all those who, in the course of their work, are obliged to be in the immediate vicinity of moving machinery. Walker v. Newton Falls Paper Company, 99 App. Div. 49, 90 N. Y. Supp. 530; Hurley v. Atlantic, Gulf & Pacific Co., 138 App. Div. 642, 122 N. Y. Supp. 701.

That the injury to the plaintiff in this case would not have happened but for the unguarded belt is apparent, and whether or not the defendant, in the exercise of ordinary care, could have anticipated the accident, was left to the jury, who have found that a prudent employer would have placed guards about the belt to prevent just such occurrences.

As to the assumption of the risk by the plaintiff, the case of Rice v. Eureka Paper Company, 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585, leaves this also for the jury, where the employé remains in presence of a known danger under a promise by the employer to repair or remedy.

Motion for a new trial is denied.