IRVING SWARTZMAN, an Infant, by NATHAN SWARTZMAN, His Guardian ad Litem, and Another, Plaintiffs, *v.* SOCAL REALTY COMPANY, Defendant.

City Court of New York, Bronx County, March 31, 1930.

*Max J. Merbaum*, for the plaintiffs.

*William B. Shelton*, for the defendant.

DONNELLY, J. While the three-year-old infant plaintiff was walking along the sidewalk, his hand clasped in that of his mother, he stumbled or slipped, and fell into the unguarded entrance leading from the sidewalk to the basement of defendant's premises.

Two points are urged by defendant's counsel in support of his motions to dismiss the complaints and to set aside the verdicts rendered by the jury, who awarded damages to the infant plaintiff for the injuries he sustained as the result of his fall, and to his guardian for loss of services: (1) That the plaintiffs failed to prove any negligence on the part of the defendant in the maintenance of the stairway; and (2) the absence of guards across the entrance of the stairway was not the proximate cause of the accident.

By chapter 23, article 14, section 164, of the Code of Ordinances of the City of New York it is provided: " Every entrance or flight of steps, now existing or projecting beyond the line of the street and descending into any cellar or basement story of any house or other building, where such entrance or flight of steps shall not be covered, shall be enclosed with a railing on each side, permanently put up, from 3 to 3½ feet high, with a gate to open inwardly, or with 2 iron chains across the front of the entranceway, 1 near the top and 1 in the centre of the railing, to be closed during the night, unless there be a burning light over the steps, to prevent accidents. * * * "

The defendant concedes that to guard the entrance it must have iron rails around each side, and it must have a gate or two iron chains across the front, but he contends the gate or chains are to be closed or in place across the front of the entrance to keep it closed only at night, and then only in the event that no light be maintained over the steps.

A photograph, received in evidence on behalf of plaintiff, without objection by defendant, shows an open cellar or basement way, with two iron rails on both sides of the stone steps from the sidewalk down into the basement, but without any gate or chains at the opening at the sidewalk.

An ordinance of this character, obviously designed for the protection of the lives and limbs of passers-by, should be construed

to give it the effect it was intended to accomplish. Whether or not failure to provide safeguards across such an opening in the daytime, and regardless of any ordinance or statute on the subject, constitutes negligence, would, of course, depend upon circumstances. To the infant of tender years, or to the adult whose steps are unsteady because of the infirmity of age or the indiscretion of inebriety, an opening such as the one here might well be a menace at any moment of a bright, clear day or dark night. So far as the ordinance is concerned, its plain purpose seems to be that, to prevent accidents, such openings be adequately guarded in the manner provided at all times, and that, at night, the entrance be closed, or, if not closed, that a light be kept burning as a warning that the gate is not shut, or the chains are not in place across the opening.

There was evidence from which the jury could have found, and their verdict shows that they did find, that the infant's slip or stumble on the sidewalk and his fall into the unguarded opening, synchronized. The infant's mother testified that at the time he fell he was about eighteen inches away from the opening.

In *Porcella* v. *Mutual Reserve Fund Life Assn.* (50 App. Div. 158) the infant plaintiff slipped on sand lying on the sidewalk in front of the defendant's building, recovered himself, then slipped again, and fell into an unguarded elevator pit on a level with the sidewalk. It was held that the defendant's negligence in allowing the pit to remain unguarded was the direct cause of the injury, and that the dismissal of the complaint on the ground that the infant's injuries resulted from the independent cause of slipping on the sand was error. The court said: " We do not think the question of proximate cause was the determinant one in this case. There was a direct connection between the wrong of the defendant in maintaining this open and unguarded pit upon the level of the sidewalk and the injury sustained by the infant plaintiff by falling into that pit. That the slipping upon the sidewalk was the first incident in the chain of causation which led to his falling into the pit is quite clear, but the injuries in the pit would not have been sustained but for the wrong of the defendant in allowing it to remain unprotected and unguarded in or by the side of the highway. There was no sufficient and independent cause operating between the wrong and the injury. If the rule as to proximate cause applied in this case were to be sanctioned, then it is obvious that a person slipping upon the highway and into a pitfall negligently or unlawfully maintained as an appurtenance to property, is without remedy against a wrongdoer. The doctrine of proximate cause in its general definition is well understood, although it is very difficult of application in many concrete cases; but here, the direct relation of cause and

effect is established, for had not this pit been open and unguarded the infant plaintiff, notwithstanding his fall on the sidewalk, could not have sustained the injuries from which he suffered, and that is the cause to which those injuries are directly attributable."

The defendant's motions to dismiss at the close of the plaintiff's case and at the close of the entire case, and to set aside the verdicts, are denied, with an exception to defendant in each instance. Ten days' stay of execution and thirty days to make and serve a case, allowed.