(40 Misc. Rep. 212.)

### BERMAN et al. v. SCHULTZ.

(Supreme Court, Appellate Term. March, 1903.)

1. NEGLIGENCE—PROXIMATE CAUSE.

Where two small boys turned the lever of an electric truck standing in a public street, with the power off and the brake on, while the operator was delivering goods, and the truck, uncontrolled, collided with a horse and wagon, the act of such boys was the proximate cause of the injury, exempting the owner of the truck from liability.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Louis Berman and others against Carl H. Schultz. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Hansen, Zinsser & Power, for appellant.

Isidor Cohn, for respondents.

FREEDMAN, P. J. The action was brought to recover for damages for injuries to plaintiffs' horse, wagon, and harness by reason

of the alleged negligence of the defendant. Plaintiffs recovered a judgment for the sum of $100 damages and costs. The alleged cause of action arose out of the following circumstances: At the time of the accident the plaintiffs' horse and wagon were standing unattended at the southeast corner of Ninety-Eighth street and Third avenue. The defendant was the owner of an electric automobile delivery truck. The truck was used to carry mineral and seltzer water for delivery to defendant's customers. The driver of the truck left it standing in front of No. 114 East Ninety-Eighth street while he went into the house to deliver some mineral water to a customer. When he came out the machine was at Lexington avenue, running rapidly in an easterly direction, toward Third avenue. Before he caught up with it, it collided with the plaintiffs' horse and wagon, causing the injuries complained of. The defendant proved that the automobile was one of the best in the market, and in perfect order at that time. The driver was an experienced man and a competent chauffeur, thoroughly acquainted with the workings of an electric automobile. Before leaving the machine he threw off the current, and put on the brake fast, so that it could not start of its own accord. Two disinterested witnesses testified that, while the machine was standing still and the operator was in the building, two boys, apparently about 10 years of age, were seen looking around the truck, and suddenly one of them reached into the machine and pulled the starting lever, and the automobile began to run down the street, increasing in speed as it went along. This testimony was undisputed, and the testimony given by these witnesses as to their location, and the circumstances under which they saw the occurrence testified to by them, leaves no reason to doubt their evidence. It has been frequently held, that where the proximate cause of the injury complained of is the intervening act of a third party, the defendant is not liable. Mars v. D. & H. R. Co., 54 Hun, 625, 8 N. Y. Supp. 107; Thompson v. Plath, 44 App. Div. 291, 60 N. Y. Supp. 621; Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216. Upon the state of facts disclosed by the testimony herein, the defendant was not liable, and the judgment must be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.