VINCENT et al. v. CRANDALL & GODLEY CO.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

1. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREET—USE BY MOTOR TRUCK—NEGLIGENCE—PROXIMATE CAUSE OF INJURY.

Where the chauffeur left an electric motor truck standing in the street for 10 or 15 minutes while delivering goods, after disconnecting the power from the machine, shutting it off from the batteries in the usual way, and setting the brakes, but the power was turned on by some boys in his absence, and the truck was run into plaintiff's drug store, the act of the boys was the proximate cause of the resulting injury; it not being negligence to leave the machine in the street.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

2. NEGLIGENCE (§ 22*) — DANGEROUS INSTRUMENTALITIES — MACHINES — MOTOR VEHICLES.

While the use of a motor vehicle is attended with dangers not common to ordinary vehicles, it is not a dangerous instrumentality, such as dynamite, etc., so as to make the rule governing the use of dangerous instrumentalities applicable to it.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 22.*]

Appeal from Municipal Court, Borough of Brooklyn.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Harry B. Vincent and another against the Crandall & Godley Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

James J. Allen, for appellant.
Edwin F. Valentine, for respondents.

HIRSCHBERG, P. J. The negligence charged against the defendant consisted in the leaving of an auto truck in one of the public streets of the borough of Brooklyn unattended. The evidence is undisputed. The truck was in charge of a licensed chauffeur, employed by the defendant, who was engaged at the time in delivering goods. It was an electric auto truck. On the afternoon of May 16, 1906, the chauffeur stopped it in front of the store where he was delivering the goods, and after disconnecting the power from the machine by throwing back the controller, shutting off the power from the batteries by throwing open the switch, and after also setting the brakes, left the machine in that condition and entered the store to deliver the goods. He remained in the store from 10 to 15 minutes, and it was stipulated on the trial that while he was in the store the machine was started by the willful act of some mischievous boys, who got on the truck and caused it to run into the plaintiffs' drug store, inflicting the damage for which a recovery has been had. The truck was found in the store with the brake still on; but the switch was up and the controller thrown, indicating that the boys had operated the machine so that it had had sufficient power to move notwithstanding the brake. The truck was empty at the time, and the motor was heavy enough to start it with the brake set and the power turned on, as it was found to be. There was nothing on the machine equivalent to the spark plug of a gasoline car, excepting the switch. The power was shut off in the usual way when it was left in the street by the chauffeur, and there was nothing more which could have been then done to render the machine inert short of dismantling it.

The court held that the negligence of the defendant in leaving the truck unattended for the length of time stated was the proximate cause of the damages, and that the case was controlled by the decision of this court in Travell v. Bannerman, 71 App. Div. 439, 75 N. Y. Supp. 866, where the defendant was held for negligence because he left explosive material in a lot accessible to boys, who caused an explosion by pounding the material with a rock. I do not think the judgment can be sustained. Power machines are recognized as legitimate, and the condition of the machine in question, as left by the chauffeur, must be regarded as analogous to that of a horse and wagon securely tied. In either case, overt acts of willful wrongdoers are necessary in order to change the physical condition and work mischief; and it cannot be assumed as matter of law that they are more likely to exist in one case than in the other. In this instance the proximate cause of the plaintiff's damage was the willful act of the boys who started the truck, just as it would be, had they willfully untied a horse and driven it in-

to the drug store. The same view is well expressed in the case of Berman v. Schultz, 40 Misc. Rep. 212, 81 N. Y. Supp. 647, where it was held by the Appellate Term that the act of boys, in turning the starting lever of an electric truck, left standing at rest in a public street by its operator, with the power off and the brake on, while he was making a delivery of goods to a customer, must be deemed the proximate cause of a resulting accident, exempting the owner from liability.

The case of Travell v. Bannerman, supra, is not in point. The material which did the mischief in that case was inherently dangerous, and the result which followed from its being left exposed and accessible was to have been reasonably anticipated. In other words, "while the operation of a motor vehicle is attendant with dangers not common to the use of the ordinary vehicle, it cannot be placed in the same category as locomotives, gunpowder, dynamite, and similar dangerous machines and agencies, and the rules of law applicable to dangerous instrumentalities do not apply." 28 Cyc. 25, and cases cited.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.