### SORRUSCA v. HOBSON.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

MUNICIPAL CORPORATIONS ☞705—STREETS—INJURIES.

Where defendant's auto truck was stopped and the brakes set, so that it could not move of itself, defendant was not responsible for injuries received when the machine was set in motion by one over whom defendant had no control.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. ☞705.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Giacoma Sorrusca against William Hobson, doing business as Hobson's Storage Warehouse. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

William A. Jones, Jr., of New York City (David M. Wolff, of New York City, of counsel), for appellant.

Hartman & Levene, of New York City (S. Earl Levene, of New York City, of counsel), for respondent.

BIJUR, J. Defendant's automobile truck, in charge of his employé, was brought to a stop and the brake set by the employé. Thereupon, while some children were playing in the street around the machine, and after some 15 or 20 minutes, the machine started off and ran into plaintiff, who sues for the resulting injuries.

The case is peculiar, in that the circumstance of the starting of the machine is not explained. Respondent's counsel in his brief manifests his lack of confidence in the judgment by repeatedly misquoting the evidence. Thus he says: "The automobile was stopped, but the brakes were not put on." Yet the testimony is clear and uncontradicted that the brakes were put on. He also says: "The testimony is that the children were *only* around it" (i. e., the machine). The testimony of a disinterested witness is repeatedly to the effect that at least one of the children was on the machine the instant before it started. We thus have the case of a machine which was stopped with the brakes set, and remaining in that position for 15 or 20 minutes, starting—which it manifestly could not do of its own accord—while children were playing around it, and when one of them was just descending from it. Manifestly the machine was set in motion by a cause for which defendant was not responsible after it had been stopped so carefully as to discharge him from responsibility. Berman v. Schultz, 40 Misc. Rep. 212, 81 N. Y. Supp. 647; Vincent v. Crandall Co., 131 App. Div. 200, 115 N. Y. Supp. 600.

The quality of the testimony offered on behalf of the respondent may be judged from evidence given by two of them, who stated that before the machine started they could hear the "toot, toot, toot," and "chugging" of the engine, although this was an electric automobile, operated by a storage battery, and had no engine.

Judgment reversed, and new trial granted, with $30 costs to appellant to abide the event. All concur.