FRASHELLA v. TAYLOR.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

MUNICIPAL CORPORATIONS ☜705(6)—INJURIES TO PERSONS IN STREETS—NEGLIGENCE—WHAT CONSTITUTES.

The motor car of defendant was stopped in front of plaintiff's place of business. The helper alighted to deliver goods, while the driver left his seat and busied himself with the goods in the rear of the car. While doing this work the car was started, and before the driver could reach the seat and stop it plaintiff's premises were injured. *Held* that, the car being started by the willful act of small boys, who jumped on the truck in the driver's temporary absence, there was no negligence for which defendant was liable, for one is not bound to provide against the act of willful wrongdoers though the wrongdoers be small boys.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. ☜705(6).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Dominick Frashella against George C. Taylor, as President of the American Express Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and complaint dismissed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Carter, Ledyard & Milburn, of New York City (Thomas S. Doughty, of New York City, of counsel), for appellant.
Alphonsus A. Brugnoli, of New York City, for respondent.

· LEHMAN, J. The plaintiff has recovered a judgment for damages to merchandise in the window of his place of business by an automobile truck owned by the defendant. The complaint sets forth:

"That at the time and place aforesaid the said auto truck vehicle was negligently and carelessly left unguarded and unprotected by the said servant of the defendant, and the same was suddenly started with great speed and violence; that it was caused to run on the sidewalk on the opposite side of the street against the window of plaintiff's store."

It is to be noted that the complaint does not set forth that a servant of the defendant negligently started the machine, but, on the contrary, sets forth that the negligence of the defendant consisted in leaving the vehicle "unguarded and unprotected." At the trial it appeared undisputed that the automobile stopped in front of the plaintiff's place of business. A helper left the truck to deliver some goods. While the helper was delivering the goods, the chauffeur left his seat and busied himself in the rear of the car with the goods in the car. From that position he could not see the driver's seat. While doing this work he felt the car start. He then jumped off the truck, ran to the front, and jumped on again, and backed the truck out. At that time two little boys were on the driver's seat. It appears that these boys were playing on the street, and had jumped on the truck and started it by pulling the controller and the brake.

I cannot find that the plaintiff has either pleaded or proven any cause of action. The automobile was started by the willful act of the boys, and concededly the defendant is not responsible for their act. The only negligence which the plaintiff has attempted to plead or prove is negligence in leaving the automobile in a situation where the boys could reach the lever without being seen or stopped. Such an act does not constitute negligence. The defendant was not bound to provide against the act of willful wrongdoers, even though the wrongdoers were small boys. Exactly similar situations existed in the cases of Berman v. Schultz, 40 Misc. Rep. 212, 81 N. Y. Supp. 647, Vincent v. Crandall Godley Company, 131 App. Div. 200, 115 N. Y. Supp. 600, and Keber v. Central Brewing Company (Sup.) 150 N. Y. Supp. 986, and in all those cases it was held that there was no negligence on the part of the chauffeur.

Judgment should be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.