# Rhad v. Duquesne Light Co., Appellant.

*Negligence—Independent agency—Automobiles — Child playing with brakes—Drift down grade—Pedestrian—Judgment for defendant n. o. v.—Injuries—Proximate cause.*

1. The rule is well settled that in order to recover for injuries alleged to have been caused by negligence, the injury must be the natural and probable consequence of the negligent act, and if the facts as to the cause of the injury are not disputed, the question of proximate cause becomes one of law for the court.

2. It is not sufficient in such action merely to prove that de-

fendant was negligent; there must also be evidence that the negligence was the proximate cause of the injury sustained. Where it appears that the injury was caused by the independent intervention of an agency over which defendant had no control, binding instructions should be given for defendant.

3. In an action to recover damages from the owner of an automobile, it appeared that defendant's chauffeur had set the brakes and left the car standing at the curb, on a down grade, that a boy in passing rattled the brake, whereby it was released and the car started down the street striking plaintiff. Plaintiff contended that the chauffeur was negligent in not having turned the front wheel against the curbstone before he left the car. The trial judge submitted the case to the jury which found a verdict upon which judgment was entered. *Held*, that if defendant was negligent in leaving the car as shown by the evidence, yet the interference of the boy, not defendant's negligence, was the cause of the injury and the judgment was reversed and entered for the defendant.

Mr. Justice MESTREZAT dissents.

Argued Oct. 10, 1916. Appeal, No. 55, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 83, on verdict for plaintiff, in case of Youakin Rhad v. Duquesne Light Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,300 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Charles F. Patterson,* with him *Francis R. Harbison,* for appellant.—The facts material to determine the question of probable cause of the injury are not in dispute and it is, therefore, a question of law for the court:

West Mahoning Township v. Watson, 116 Pa. 344; Douglass v. N. Y. Central & Hudson River R. R. Co., 209 Pa. 128.

The proximate cause of an event is that which, in a natural and continuous sequence, unbroken by any new independent cause, produces that event and without which that event would not have occurred: Wallace v. Keystone Automobile Co., 239 Pa. 110; Dannehower v. Western Union Telegraph Co., 218 Pa. 216; Finkbeiner v. Solomon, 225 Pa. 333; Carpenter v. John M. Miller & Son, 232 Pa. 362; Trout v. Philadelphia Electric Co., 236 Pa. 506; Widger v. Philadelphia, 217 Pa. 161; Berman et al. v. Schultz, 40 N. Y. Misc. 212; Berman et al. v. Schultz, 84 N. Y. Supp. 292; Vincent & Seymour v. Crandall & Godley Co., 131 N. Y. App. Div. 200; Keber v. Central Brewing Co. of N. Y., 150 N. Y. Supp. 986; Sorrusca v. Hobson, 155 N. Y. Supp. 364; Frashella v. Taylor, 157 N. Y. Supp. 881.

The fact that the person responsible for the intervening act is a child does not affect the case, but if the act itself is an intervening efficient cause it will break the causal connection between the defendant's negligence and the plaintiff's injury, even though it is the act of an irresponsible child: Otten v. Cohen et al., 1 N. Y. Supp. 430; Loftus et al. v. Dehail et al., 133 Cal. 214; Stephenson v. Corder, 71 Kansas 475; Ebright v. Mineral R. R. & Mining Co., 15 Atl. Repr. 709; George et al. v. Los Angeles Ry. Co., 126 Cal. 357; Board of Trade Bldg. Corp. v. Cralle, 22 L. R. A. (N. S.) 297; O'Connor v. Brucker, 117 Ga. 451; Jutein v. Hurley et al., 98 Mass. 211.

It was error to allow the jury to determine that it was the duty of the defendant's chauffeur to anticipate interference with the machine by strangers: Lewis v. Wood, 247 Pa. 545; Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375; Ebright v. Mineral R. R. & Mining Co., 15 Atl. Repr. 709; Biddle, et ux., v. Hestonville, Mantua & Fairmount Pass. Ry. Co., 112 Pa. 551; Burt v. Adver-

tiser Newspaper Co., 154 Mass. 238; Cole v. German
Savings & Loan Soc., 124 Fed. Repr. 113.

The plaintiff's evidence that the exercise of due care
on the part of the defendant required it to turn the front
wheel into the curb was based upon the false theory
that it was defendant's duty to exercise extra precaution
against the interference of boys: Berman et al. v.
Schultz, 40 N. Y. Misc. 212; Berman et al. v. Schultz, 84
N. Y. Supp. 292; Keber v. Central Brewing Co. of N.
Y., 150 N. Y. Supp. 986; Vincent & Seymour v. Crandall
& Godley Co., 131 N. Y. App. Div. 200; Sorrusca v. Hob-
son, 155 N. Y. Supp. 364; Frashella v. Taylor, 157 N. Y.
Supp. 881.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for
appellee.—The application of proximate and remote
cause is often very difficult. There seems to be no defi-
nite rule to determine it. Each case seems to have been
decided on its own special circumstances. A cause is
not too remote to be looked to merely because it produces
the damage by means of intermediate agency: Loughlin
v. Penna. R. R. Co., 240 Pa. 174; Butterman v. Mc-
Clintic-Marshall Construction Co., 206 Pa. 82; Wide-
man v. Smith, 1 Lack. Jur. 203; Henry v. Klopfer, 147
Pa. 178; Rachmel v. Clark, 205 Pa. 314; Duffy v. Sable
Iron Works, 210 Pa. 326; McBride v. McNally, 243 Pa.
206; Mulligan v. Homestead Boro., 243 Pa. 361; Kitch-
en v. Union Twp., 171 Pa. 145; Burrell Twp. v. Un-
capher et al., 117 Pa. 353; Koelsch v. Philadelphia Co.,
152 Pa. 355; Addis v. Hess, 29 Pa. Superior Ct. 505;
Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

This is an action of trespass brought to recover dam-
ages for personal injuries suffered by plaintiff, which
he alleges resulted from the negligence of an employee of
the defendant. The circumstances attending the acci-
dent, as disclosed by the testimony, were substantially

these: On September 12, 1913, about midday, an automobile, belonging to defendant, in charge of an experienced chauffeur, was driven on Bedford avenue up to the curb, headed down street, at a point where there was a considerable grade. The driver stopped the car, put on the brake, shut off the engine, and went into a restaurant for lunch. A nurse girl, who was in charge of a child, was sitting upon a door step at that point. She stepped to the automobile at the edge of the sidewalk and placed the child upon the seat. A twelve-year-old boy, passing by, stopped, put his hand upon the brake, rattled it, either for his own amusement or that of the child, and, as a consequence, the brake was released. The car started down the hill, along the curb, and ran a short distance when a stranger got upon the car and attempted to stop it; but, before he could get it under control, it struck and injured the plaintiff, who was pushing a fruit cart in the street. At the trial, plaintiff contended that in addition to the use of the brake, the car should have been more securely guarded against the possibility of movement by having its front wheel turned against the curbstone. The defendant set up the exercise of due care upon the part of the chauffeur, in that he put on the brake and left the automobile in a safe position, from which it would not have moved had it not been for the interference of the boy. It was further contended, that the unwarranted interference of the boy, in releasing the brake, was the proximate cause of the injury, and, as the facts in this respect were not in dispute, it was urged that the question of proximate cause was one of law for the court, and should not have been left to the jury. In West Mahanoy Township v. Watson, 116 Pa. 344, GORDON, J., speaking for the court, said: "It is also urged that the question of remote or proximate cause was for the jury and was properly submitted. This would be so were there any dispute about the facts, but where, as in this case, they are not disputed, the court should determine the question as a matter of law." In Douglass v.

N. Y. Cent. & Hudson River R. R. Co., 209 Pa. 128, it was said (p. 131) : "The rule is well settled that the injury must be the natural and probable consequence of the negligent act without probable foresight, and if the facts as to the cause of the injury are not disputed the question of proximate cause becomes one of law for the determination of the court."

In Nirdlinger v. American District Telegraph Co., 245 Pa. 453, plaintiff sued to recover damages for loss by theft of various articles from his house which defendant had undertaken to equip with electrical burglar alarms. There was evidence that defendant had negligently failed to set the alarms, and on the same night the burglary was committed.   The court below refused to instruct the jury that the damages recoverable were only those which were sustained as a result of defendant's breach of contract, but submitted to the jury the question whether the negligence of defendant was the proximate cause of the burglary and permitted recovery of the value of the articles stolen.   The judgment of the lower court was reversed by this court, and, in the opinion by Mr. Justice STEWART, he said (p. 459) : "It is to be observed that on this particular question of proximate cause there was no conflict of testimony whatever, and the fact of an intervening agency was manifest.   A submission of the question therefore was unwarranted; it was clearly within the province and duty of the court to decide it."   He further said: "The result of the court's submission of the question to the jury was a recovery by plaintiff for an act of negligence which at best was a remote cause of the loss.   Admitting the facts to be as claimed by the plaintiff, the learned trial judge should have held that they did not show defendant's negligence to have been the proximate cause of plaintiff's loss."

In the present case, it is undisputed that the chauffeur left the car with the brake set, and that it stood in that position until the boy interfered with it.   The boy testified that he put his hand on the brake, shoved it, and rat-

tled it, and the automobile started to go.   He said, "I guess it started from me playing with the levers."   Here then we have a new, independent and unexpected factor, which was in itself the real occasion of the mischief.   The effective cause of the injury was shown to be the interference of the boy, and it was not the failure of the chauffeur to use the additional precaution of turning the front wheel against the curb.   Suppose that, instead of merely turning the car adrift, as he did, the boy had gotten into the seat, and started the car, and had run over some one.   Could the owner of the car have justly been held responsible?   The car in question was left in a position analogous to that of a horse tied to a hitching post.   It could not start until it was unfastened.   If a wilful or careless boy untied the horse, his action in so doing would be the proximate cause of any injury which might follow.   The car did not start itself.   It was started as a result of the independent intervention of the boy, and his action must, therefore, be regarded as the effective legal cause of the injury.   The precise question here involved was before the courts of New York in two late cases.   In Sorrusca v. Hobson, 155 N. Y. Supp. 364, defendant's auto truck was stopped by his employee, who left the machine standing in the street with the brakes set.   Some children playing in the street in some manner started it and plaintiff sustained the injuries complained of.   The court said: "We thus have the case of a machine which was stopped with the brakes set, and remaining in that position for 15 or 20 minutes, starting —which it manifestly could not do of its own accord— while children were playing around it, and when one of them was just descending from it.   Manifestly the machine was set in motion by a cause for which defendant was not responsible after it had been stopped so carefully as to discharge him from responsibility."

In Frashella v. Taylor, 157 N. Y. Supp. 881, defendant's car was started by some boys while the driver was in the act of delivering some goods in front of plaintiff's

premises.   The facts and law were thus stated in the
opinion of the Supreme Court (p. 882) : "At the trial it
appeared undisputed that the automobile stopped in
front of the plaintiff's place of business.   A helper left
the truck to deliver some goods.   While the helper was
delivering the goods, the chauffeur left his seat and
busied himself in the rear of the car with the goods in the'
car.   From that position he could not see the driver's
seat.   While doing this work he felt the car start.   He
then' jumped off the truck, ran to the front, and jumped
on again, and backed the truck out.   At that time two
little boys were on the driver's seat.   It appears that
these boys were playing on the street, and had jumped
on the truck and started it by pulling the controller and
the brake.   I cannot find that the plaintiff has either
pleaded or proven any cause of action.   The automobile
was started by the wilful act of the boys, and concededly
the defendant is not responsible for their act.   The only
negligence which the plaintiff has attempted to plead or
prove is negligence in leaving the automobile in a situa-
tion where the boys could reach the lever without being
seen or stopped.   Such an act does not constitute negli-
gence.   The defendant was not bound to provide against
the act of wilful wrongdoers, even though the wrong-
doers were small boys."

In the case at bar, we see no escape from the conclu-
sion that the proximate cause of the injury, was the in-
terference of the boy, over whom the defendant had no
control and for whose act it was not responsible.

The first and second assignments of error are sus-
tained.   The judgment is reversed, and is here entered
for defendant.

DISSENTING OPINION BY MR. JUSTICE MESTREZAT :

The majority opinion rules the case against the de-
fendant solely on the ground that, as a matter of law,
the defendant company's negligence was not the proxi-
mate cause of his injuries.   I agree with the learned

court below that, under the facts found by the jury, this position is untenable.    The legal principle applicable to the facts of this phase of the present case is well settled and is thus stated in Shearman & Redfield on Negligence, 3d Ed., p. 10 : "Negligence, however, may be the proximate cause of an injury of which it is not the sole or immediate cause.    If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible even though his negligent act was not the nearest cause in the order of time."    In 1 Thompson on Negligence (2d Ed.), p. 55, Sec. 52, the same doctrine is announced in the following language : "Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately brought about by intervening causes, if such intervening causes were set in motion by the original wrongdoer." These excerpts from the text books have been quoted and approved time and again in the decisions of this court, the most recent of which are Cameron v. Citizens Traction Co., 216 Pa. 191, and Loughlin v. Pennsylvania R. R. Co., 240 Pa. 174, where it was held that the question of the proximate cause of the injury was for the jury.    I would affirm the judgment on the opinion of the learned court below refusing defendant's motion for judgment non obstante veredicto.