WILLIAM ROBERT LEE, as Administrator, etc., of THEODORE LEE, Deceased, Appellant, *v.* VAN BUREN AND NEW YORK BILL POSTING COMPANY, Respondent.

First Department, February 6, 1920.

Motor vehicles — negligence — death of infant by starting of electric truck by companion — erroneous nonsuit — opening of counsel stating facts which would raise question for jury.

In an action to recover for the death of a child five years of age who was killed by the defendant's automobile it was error to nonsuit the plaintiff on the opening of his counsel wherein he stated that he would show that the defendant had been in the habit of leaving electric motor trucks in front of its place of business with knowledge that boys of the neighborhood were accustomed to play on or about the cars; that the defendant had allowed them to do so without molestation; that while the plaintiff's intestate was sitting on the front fender of the car another boy, who had mounted the seat, pressed a button which started the electric vehicle with the result that it ran into a vehicle ahead; that a switch which would have prevented the starting of the car had not been opened, and that the brakes of the automobile were worn and defective to the knowledge of the defendant. Proof of such facts would have raised a question for the jury as to whether the defendant was guilty of negligence that was the proximate cause of the death, and it cannot be said as a matter of law that the infant decedent was guilty of contributory negligence.

APPEAL by the plaintiff, William Robert Lee, as administrator, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the

county of New York on the 14th day of January, 1918, dismissing the complaint upon the opening of plaintiff's case, and also from an order entered in said clerk's office on the 13th day of February, 1918, denying plaintiff's motion for leave to go to the jury.

*Milton Speiser* of counsel [*Joseph Speiser* with him on the brief], for the appellant.

*William Dike Reed* of counsel [*William B. Shelton* with him on the brief], for the respondent.

PHILBIN, J.:

The plaintiff's intestate, a boy five years old, was killed by defendant's automobile under the following circumstances, described in the opening of plaintiff's counsel. The boy lived on One Hundred and Thirty-ninth street in the city of New York, between Lenox and Seventh avenues, where on the north side of the street the defendant had a place of business. The defendant had been in the habit for some time previous to the accident of leaving automobiles in front of its place of business. It was known to the persons in charge there that the boys in the neighborhood played on or about these cars, getting on and off of them, as one can readily imagine children of that age would do. That had been allowed to go on by the defendant or its agents and servants in charge of the place, and without molestation these children had been accustomed to play in and around and on the automobiles.

On the day of the accident an electric truck owned by the defendant was driven up in front of the place and left there a considerable length of time. Some distance beyond it was another automobile. On the dashboard of the truck, in front of the driver's seat, was a switch which, if thrown off, would make the engine absolutely dead. To start it there was a lever upon the wheel, which worked around somewhat similar to the lever that one sees on a gasoline automobile. If the switch was off, the machine would not start, no matter how much the lever was turned. But if the switch was on, then all that was necessary was to touch the lever on top and the machine started. An inspection immediately after the accident showed that this switch was on. The boys had been playing

about there for a considerable time, and at about five-thirty one of them was up on the driver's seat, near the wheel. The decedent was sitting on a steel bar affixed to the front of the machine, presumably used as a fender — a sort of bar to fend off other machines or objects. The boy on the driver's seat pushed the lever up, and immediately the truck started on its own power, crashed into the automobile ahead and, crushing the decedent, killed him. The inspection after the accident showed that the brakes were worn and defective and that the defendant, its servants and agents knew of the condition of the brakes, or it would have been known to them in the exercise of reasonable care.

The defendant, upon the foregoing facts as stated by plaintiff's counsel, moved to dismiss the complaint upon the authority of *Vincent* v. *Crandall & Godley Co.* (131 App. Div. 200). The learned court granted the motion but stated that it was not entirely guided by the case cited. The plaintiff excepted and asked leave to go to the jury, which motion was denied, and plaintiff excepted. The facts in that case were substantially different from those which we must assume to have been shown in the case at bar. In the *Vincent* case the electric auto truck was in charge of a licensed chauffeur, who stopped in front of a store, and after setting the brakes and disconnecting the power by throwing open the switch, left the machine and entered the store to deliver goods. During the ten or fifteen minutes he was in the store the machine was started by some mischievous boys, causing it to run into the plaintiff's drug store. The brakes were still on, but the switch was up and the controller thrown, indicating that the motor was powerful enough to move the truck notwithstanding the brakes. The court held that the judgment for the plaintiffs could not be sustained; that the proximate cause of plaintiffs' damage was the willful act of the boys who started the truck. The case of *Berman* v. *Schultz* (40 Misc. Rep. 212) was cited by the court in the *Vincent Case* (*supra*). In that case the machine was also started while delivery of goods was being made by the chauffeur, and the current was turned off by him before he left it.

In the case at bar the electric truck on the day of the accident was standing in front of defendant's place of business a con-

siderable time, pursuant to a habit defendant had of allowing its machines to do so. The switch, which if thrown off would render the machine absolutely dead, was on, and all that was necessary to start it was to touch the lever, which the boy on the driver's seat did, and immediately the truck started. The brakes were in a worn and defective condition, to the defendant's knowledge. The defendant knew that children in the neighborhood played on and around its automobiles. I think it was a question for the jury as to whether defendant was guilty of negligence that was the proximate cause of decedent's death. Under the opening the plaintiff could have introduced evidence to make out a *prima facie* case against the defendant. While an automobile is not necessarily a dangerous device (*Cunningham* v. *Castle,* 127 App. Div. 580), it can easily be made so by having it in a defective condition or placed under circumstances that constitute it a menace to others. It cannot be said as a matter of law that the infant decedent was guilty of contributory negligence. (*Kunz* v. *City of Troy,* 104 N. Y. 344.)

It was error to dismiss the complaint.

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.