LOUIS LAZAROWITZ, Appellant, *v.* HARRY M. LEVY, Respondent.

First Department, December 17, 1920.

**Motor vehicles — negligence — injury caused by starting of automobile left unattended in public street — res ipsa loquitur — negligence of defendant limited by allegations of complaint — when direction of verdict for defendant proper — when leaving automobile unattended in public street is not negligence — starting of such machine by third persons.**

Action to recover for personal injuries wherein it appeared that an automobile which the defendant left unattended in a city street while he went to a restaurant started without signal or warning, and, crossing the street, ran upon the opposite sidewalk and struck the plaintiff. Evidence examined, and *held*, to present a *prima facie* case under the rule of *res ipsa loquitur* if the charges of negligence in the complaint were sufficiently broad.

But where the negligence charged in the complaint and limited by the plaintiff's bill of particulars was confined to the fact that the defendant left his automobile standing in the public street temporarily unguarded and unprotected against the acts of third parties, and the uncontroverted evidence showed this, the jury was not warranted in finding the defendant negligent, and hence the direction of a verdict for the defendant was proper.

An automobile is not deemed to be a nuisance or a dangerous machine and the owner or custodian thereof may leave it standing in a public street temporarily without thereby being subjected to a charge of negligence, provided he takes the ordinary precautions of securing it by the appliances with which it is equipped for that purpose, and if thereafter it be set in motion by the willful or negligent act of a third party, such willful or negligent act will be deemed the proximate cause of injury resulting therefrom.

DOWLING and MERRELL, JJ., dissent.

APPEAL by the plaintiff, Louis Lazarowitz, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 8th day of January, 1920, upon the verdict of a jury rendered by direction of the court.

*Louis Jaykowsky* of counsel [*Henry Lieb*, attorney], for the appellant.

*John H. Scully* of counsel [*Alfred E. Holmes*, attorney], for the respondent.

LAUGHLIN, J.:

This is an action to recover for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The plaintiff alleged and testified that on the evening of August 11, 1918, he was standing on the sidewalk at a soda water stand at the southeasterly corner of Ninth street and Second avenue in the borough of Manhattan, New York, drinking soda water and facing easterly, and was struck and injured by an automobile owned by the defendant.. He alleged and it appeared that the automobile was owned by defendant and had been left standing unattended near the southerly curb of Ninth street, some forty feet westerly of Second avenue and that without signal or warning it started up and moved easterly across Second avenue and onto the sidewalk where the plaintiff was standing at the southeasterly corner of the intersection. The plaintiff showed the injuries he sustained and rested on this evidence. If the charges of negligence were sufficiently broad, that evidence would have presented a *prima facie* case under the rule of *res ipsa loquitur*.

Defendant thereupon testified that he was in charge of the automobile and was accompanied by his wife and Mr. and Mrs. Cohen; that they drove easterly on Ninth street on their way to Gruber's restaurant at the southwesterly corner of that street and Second avenue and stopped the car at the southerly curb of Ninth street about forty or fifty feet westerly of Second avenue; that he put on the emergency brake, took out the switch key, thus cutting off the power, and then followed the others, who had preceded him, into the restaurant, and in about fifteen or twenty minutes they heard a commotion in the street and some one entered the restaurant and said that an automobile was running wild, and on going out a few minutes thereafter he saw his automobile standing in the gutter, but not on the sidewalk, easterly of Second avenue;

that he did not know what started it and that he had been operating it three years and it had never started that way before, and that within an hour after the accident, having been arrested, he drove the automobile to the police station where the brakes were examined by a motorcycle officer and found to be in working order.

Mr. Cohen, who was called by the defendant, testified that on stopping the automobile at the curb where it was left, defendant set the brakes and removed the key; but on cross-examination he said that on leaving the car he entered the restaurant with the women and did not see the defendant do anything with the car, and that after they had been in the restaurant about a half hour and their attention had been drawn to a commotion in the street, they went out and saw that the automboile had crossed Second avenue and was standing in the middle of Ninth street about eighteen or twenty feet easterly of Second avenue, facing First avenue, and that the only inspection of the automobile made at the police station was by looking at it. Defendant also called Dora Levene, who testified that she conducted the soda water stand and it was at the southwesterly corner of the intersection; that she observed the automobile standing near the curb a few feet westerly of her stand, unattended, but that she did not know who left it there and that she saw ten or more children, ten or twelve years of age, in the automobile and drove them away twice and that they came back and entered it a third time and then all of a sudden she saw it starting and it ran across Second avenue; that it was a two-seated machine and the children were on both seats and around it on the street when it started; that the automobile was standing still when she saw the children in and around it and she did not know whether the power was on or not but that she did not hear any buzz and that she did not see any one get in or out as it started or know how it came to stop and did not see it run onto the sidewalk. Neither the wife of the defendant nor Mrs. Cohen was called.

At the close of the evidence defendant moved for a dismissal and the court inquired of counsel for the plaintiff what negligence the defendant was charged with, and counsel answered that in the circumstances the jury could infer negligence

from the starting of the automobile and might find that the defendant did not shut off the power and that the credibility of the witness Levene with respect to seeing the children in and about the car was for the jury. The court ruled that the explanation given in behalf of the defendant that the children were in the car was sufficient to rebut any presumption of negligence arising from the starting of the car and that if this were not so, in view of the bill of particulars, the only negligence charged was in leaving the car unguarded. The court, however, denied the motion for a dismissal but entertained and granted a motion for the direction of a verdict in favor of the defendant.

There was no express evidence that any of the children did anything to start the automobile or that they could have started it if the power was shut off and the switch key removed and the brakes set, as defendant testified.

The negligence charged in the complaint was in carelessly, negligently and recklessly leaving the automobile standing at the point in question without a guard or watch, in such manner that it could run away and in failing to maintain a guard or watch to prevent it from starting and running away. The demand for the bill of particulars required the plaintiff to state the act or acts of negligence and the bill of particulars specified that the negligence consisted in leaving the automobile standing unguarded on the street while the defendant went into the restaurant; and it omitted to specify a charge of negligence in leaving it so that it could start without the intervention of a third party. The allegations of the complaint, although somewhat indefinite, were sufficient to warrant further specifications of negligence in the bill of particulars and if the plaintiff had in his bill of particulars charged that the power was not shut off or that the brakes were not set and that the automobile was so left that it might have started, without the intervention of a third person or other cause, which the defendant should have foreseen, there might have been a question for the jury as to whether the power was cut off and the brakes were set as the defendant testified so that the automobile could not have started without some intervening cause; but plaintiff doubtless realized that the children started the car and that he could recover and sustain a

recovery only if it was the duty of the defendant to leave some one in charge of the automobile, for one of the objects of a bill of particulars is to limit the proof, and by the bill of particulars he confined his charges of negligence against the defendant to leaving the automobile standing in the street temporarily unguarded while he and his companions entered the restaurant. An automobile, however, is not deemed to be a nuisance or a dangerous machine (*Cunningham* v. *Castle*, 127 App. Div. 580; *Ruoff* v. *Long & Co.*, L. R. [1916] 1 K. B. 148; *Vincent* v. *Crandall & Godley Co.*, 131 App. Div. 200), and, therefore, the owner or the person in whose custody it is may leave it standing in a public street temporarily without thereby being subjected to a charge of negligence, at least, provided he takes the ordinary precautions of securing it by the appliances with which it is equipped for that purpose, and if it thereafter be set in motion by the willful or negligent act of a third party, such willful or negligent act will be deemed the proximate cause of the accident or the injury resulting therefrom. (*Vincent* v. *Crandall & Godley Co., supra*; *Lee* v. *Van Buren & N. Y. Bill Posting Co.*, 190 App. Div. 742; *Berman* v. *Schultz*, 40 Misc. Rep. 212; 84 N. Y. Supp. 292; *Sorrusca* v. *Hobson*, 155 id. 364; *Frashella* v. *Taylor*, 157 id. 881; *Keber* v. *Central Brewing Co.*, 150 id. 986; *Rhad* v. *Duquesne Light Co.*, 255 Penn. St. 409; *Squires* v. *Brooks*, [1915] 44 App. D. C. 320.) The negligence here charged as limited by the bill of particulars was in leaving the automobile standing in the public street temporarily unguarded and unprotected against the acts of third parties, and although the uncontroverted evidence showed this, the jury would not have been warranted in finding therefrom that the defendant was negligent and liable for the injuries to the plaintiff. (See *Frashella* v. *Taylor, supra*.) The decision of *Lee* v. *Van Buren & N. Y. Bill Posting Co.* (*supra*) was based upon evidence showing that the defendant customarily left automobiles standing in the street in front of its place of business to which it knew children were attracted who in playing on and about one of the automobiles set it in motion. The principle upon which that case was decided has no application here; and the facts of this case bring it within the rule established by the other decisions herein cited, holding that it is not negligence to

leave an automobile temporarily in a public street so secured that it will not start without the unlawful or negligent intervention of a third party.

It follows, therefore, that the learned trial court was right in directing a verdict for defendant and that the judgment should be affirmed, with costs.

CLARKE, P. J., and GREENBAUM, J., concur; DOWLING and MERRELL, JJ., dissent.

Judgment affirmed, with costs.