## FIRST DEPARTMENT, JULY, 1921.

ELIZABETH MALONEY, Executrix, etc., Respondent, *v.* 80TH STREET LIFE POULTRY MARKET, INC., Appellant, Impleaded with Others.

*Motor vehicles — action for death caused by automobile crashing into building where deceased was working — proximate cause — third person starting automobile.*

Appeal from a judgment entered upon a verdict for $7,627.73, and from an order denying a motion for a new trial in an action brought to recover damages for the death of Charles J. Bell by reason of the defendant's negligence.

Judgment and order affirmed, with costs. No opinion. Present — Clarke, P. J., Laughlin, Dowling, Merrell and Greenbaum, JJ.; Clarke, P. J., and Greenbaum, J., dissenting.

CLARKE, P. J. (dissenting): This action was brought in behalf of the next of kin of Charles J. Bell to recover damages because of his death from injuries caused by a runaway automobile crashing into a building where he was at work. There is no question of contributory negligence in the case. A careful consideration of the testimony compels the conclusion that the findings that the negligence of the chauffeur of the defendant, against whom the judgment was rendered, was the proximate cause of decedent's death was not supported by the credible evidence in the case but was against the same and the weight thereof. I think the evidence establishes that the

automobile was left standing at the curb on the south side of East Seventy-fifth street, in front of No. 506, the chicken market, with the brakes set, switch turned off, engine not running and the front wheel swerved to the curb, while the driver was in the market delivering some orders and fixing a flat shoe on a machine in the market. The automobile was a Ford delivery truck. While it was in this position and the chauffeur in the market for some five to ten minutes some boys got on the machine, pulled the levers, put on the spark and the gas, cranked the machine, and, as it started, ran away. It seems to me clear that the willful and improper act of these boys in thus starting the machine was the proximate cause of the accident, resulting in the injury and death of the decedent, and that for this act the defendant was not responsible. The doctrine of proximate cause is well established in the law of negligence. In Shearman and Redfield on Law of Negligence (6th ed. § 26) it is said: "The proximate cause of an event must be understood to be that which, in a natural and continuous sequence unbroken by any new, independent cause, produces that event, and without which that event would not have occurred." In *Vincent v. Crandall & Godley Co.* (131 App. Div. 200) the negligence charged against the defendant consisted in the leaving of an auto truck on one of the public streets unattended. The chauffeur stopped in front of a store where he was delivering goods and after disconnecting the power from the machine by throwing back the controller, shutting off the power from the batteries by throwing open the switch and after also setting the brakes, left the machine in that condition and entered the store to deliver the goods. He remained in the store from ten to fifteen minutes, and while he was in the store the machine was started by the willful act of some mischievous boys who got on the truck and caused it to run into the plaintiffs' drug store, causing the damage for which a recovery has been had. The trial court held that the negligence of the defendant in leaving the truck unattended for the length of time stated was the proximate cause of the damages. The Appellate Division, Presiding Justice Hirschberg speaking for the unanimous court, said: "I do not think the judgment can be sustained. Power machines are recognized as legitimate, and the condition of the machine in question as left by the chauffeur must be regarded as analogous to that of a horse and wagon securely tied. In either case overt acts of willful wrongdoers are necessary in order to change the physical condition and work mischief, and it cannot be assumed as matter of law that they are more likely to exist in one case than in the other. In this instance the proximate cause of the plaintiffs' damage was the willful act of the boys who started the truck, just as it would be had they willfully untied a horse and driven it into the drug store." In *Lazarowitz v. Levy* (194 App. Div. 400) defendant left his automobile in the street with the emergency brake on, power turned off and switch key removed. While he was in a restaurant his automobile was started by some boys and the plaintiff was injured. This court (Laughlin, J., writing) said: "An automobile, however, is not deemed to be a nuisance or a dangerous machine [citing cases], and, therefore, the owner or the person in

whose custody it is may leave it standing in a public street temporarily without thereby being subjected to a charge of negligence, at least, provided he takes the ordinary precautions of securing it by the appliances with which it is equipped for that purpose, and if it thereafter be set in motion by the willful or negligent act of a third party, such willful or negligent act will be deemed the proximate cause of the accident or the injury resulting therefrom." I vote to reverse and grant a new trial. Greenbaum, J., concurs.