### JACKSON v. MILLS BAKING CO.

1. NEGLIGENCE—ATTRACTIVE NUISANCE—ELECTRIC TRUCKS.

An electric truck used as a delivery wagon for baked goods, with nothing unusual about it to distinguish it from other delivery wagons except the ringing of a bell to attract attention, was not of such a character as to be classed as an attractive nuisance.

On liability for injuries by automobile set in motion by stranger, see note in L. R. A. 1917D, 867.

2. SAME—PERSONAL INJURIES—CHILDREN—PROXIMATE CAUSE.

In an action for personal injuries received by a five-year old boy when he with others boarded defendant's electrically propelled delivery wagon and started it while the driver, who had stopped the car and set the brake, was momentarily absent delivering baked goods at a house about 20 feet away, where there was nothing to show that the driver had reason to anticipate that the children would board the car and start it, his failure to remove the switch plug cannot be said to be actionable negligence, but the proximate cause of the accident was the starting of the car by the children.

Error to Wayne; Moynihan (Joseph A.), J.  Submitted October 17, 1922.   (Docket No. 28.)   Decided December 5, 1922.

Case by Amos Jackson, an infant, by his next friend, against the Mills Baking Company for personal injuries.   Judgment for plaintiff.   Defendant brings error.   Reversed.

*Charles L. Mann* (*Smedley, Linsey & Shivel,* of counsel), for appellant.

*Clarence P. Milligan,* for appellee.

BIRD, J.     Defendant operates a baking business in the city of Detroit and delivers its product to its customers in covered delivery wagons propelled by electricity.    On the morning of July 26, 1920, one of the delivery wagons was being propelled in an easterly direction on Rowena street, in charge of Mr. Fred W. Brewin.    When the wagon reached 978 Rowena street, where the mother of plaintiff lived, she and her son, 10 years of age, came out and hailed him. Brewin stopped the car, put on the brake and got out to wait upon her.    While Mrs. Jackson was making her purchases some of the other children of the neighborhood came up, including the plaintiff, who was 5 years

old.    After the purchases were made Brewin carried them to the house, 20 feet away from his car.    When he got to the house he heard his gong sound.    He looked back but from where he stood he could not see the front of the car.    He called to the children to stop sounding the gong and ordered them away from the car.    Mrs. Jackson, mother of plaintiff, also warned them away.    As he started to return to the car he saw it moving away.    He ran and caught up with it and turned off the power, and as he did so he saw a boy leave the car from the south side and step on to the forward wheel.    He was thrown down and squeezed between the wheel and the curb and quite seriously injured.    Subsequently plaintiff brought this suit by his next friend to recover for his injuries. The negligence charged was the failure of Brewin to remove the plug, or sometimes called the switch, which connected the electric current with the motor.    The case was tried out and a jury assessed plaintiff's damages at the sum of $5,000.

After plaintiff's case had been submitted the defendant contended:

(*a*)    That there was no negligence shown on the part of the driver of the car.

(*b*)    That any alleged negligence on his part was not the proximate cause of the injury.

(*c*)    That the electric delivery wagon was not an attractive nuisance, as the term is legally defined.

For these reasons a directed verdict was requested. On the morning in question defendant's servant, Brewin, was going down Rowena street with an ordinary covered delivery wagon, delivering baked goods. There was nothing unusual in this as he had been over the route every other day for several weeks.    The proofs do not show that there was anything unusual about his delivery wagon.    There was nothing about it that would distinguish it from other delivery

wagons propelled by electricity, except possibly the ringing of a bell to attract the attention of his customers. On his way plaintiff's mother hailed him and he stopped, set the brake and waited upon her. When his attention was called to the fact that children were about the front of the car, by reason of the sounding of the gong, he at once ordered them away and started back to his wagon. He did not know that children had climbed onto the front of the car. The gong sounding did not convince him of this because the gong could be reached by one standing on the ground. It is not easy to discover what Brewin did or failed to do that would constitute negligence. Plaintiff suggests only one thing and that was his failure to remove the switch plug when he got out of the car. Had Brewin stopped, intending to leave the car in the highway for a considerable time where children were playing about, that argument would have force, but in this instance he did not intend to stop but a few moments and did not intend to get out of view of the car. The power was turned off, the brake was set and there was no danger of the car starting unless someone turned on the power. The car was in the street where it had a right to be. Brewin had no reason to anticipate that the children would board the car and start it. Children had frequently come out to the car on his previous trips, but had never climbed onto the car and had not been in the habit of playing in or meddling with it. The car was not of such a character as to be classed among the attractive nuisances which are considered by *Powers* v. *Harlow*, 53 Mich. 507, 515 (51 Am. Rep. 154), and other cases following it. Such vehicles are common and are seen daily upon the streets of cities. Plaintiff's counsel cite us to the following cases, which, it is insisted, control this one: *Lee* v. *Bill Posting Co.*, 190 App. Div. 742 (180 N. Y. Supp. 295);

*Gumbrell* v. *Claussen-Flanagan Brewery,* 199 App. Div. 778 (192 N. Y. Supp. 451) ; *Albano* v. *Tapley &' Co.,* 199 App. Div. 916 (190 N. Y. Supp. 910).

These cases are similar on the facts, but they are distinguishable from the present one in this: In the cases cited the electric vehicles were left standing in the street some considerable time and the drivers went out of sight of them and remained out of sight of them for quite a period, and in some of the cases children had been in the habit of getting into the machines and playing in them on former occasions. These elements are not present in the case we are considering. If Brewin had left his wagon standing in the street and gone out of sight of it and remained away for a considerable period while children were in the habit of playing in and around it, a different question would be presented.

The facts in the present case are more similar to those in *Vincent* v. *Crandall & Godley Co.,* 131 App. Div. 200 (115 N. Y. Supp. 600). The driver of the electric wagon stopped, set the brake and went into a store to deliver goods. While he was gone some young boys, who had climbed onto the truck, started it. It ran into a drug store and caused considerable damage. In disposing of the case the court said, in part:

"I do not think the judgment can be sustained. Power machines are recognized as legitimate, and the condition of the machine in question, as left by the chauffeur, must be regarded as analogous to that of a horse and wagon securely tied. In either case, overt acts of wilful wrongdoers are necessary in order to change the physical condition and work mischief; and it cannot be assumed as matter of law that they are more likely to exist in one case than in the other. In this instance the proximate cause of the plaintiff's damage was the wilful act of the boys who started the truck, just as it would be, had they wilfully untied a horse and driven it into the drug store. The

same view is well expressed in the case of *Berman* v. *Schultz*, 81 N. Y. Supp. 647, where it was held by the appellate term that the act of boys, in turning the starting lever of an electric truck, left standing at rest in a public street by its operator, with the power off and the brake on, while he was making a delivery of goods to a customer, must be deemed the proximate cause of a resulting accident, exempting the owner from liability."

Other similar cases to the present one cited by defendant are *Berman* v. *Schultz, supra; Rahd* v. *Duquesne Light Co.,* 255 Pa. 409 (100 Atl. 262, L. R. A. 1917D, 864) ; *Frashella* v. *Taylor,* 157 N. Y. Supp. 881; *Lazarowitz* v. *Levy,* 194 App. Div. 400 (185 N. Y. Supp. 359).

In the present case we are of the opinion that no facts were shown which should have been submitted to the jury on the question of defendant's negligence. So far as Brewin's conduct appears by the proofs he did no different than the ordinarily careful and prudent man would have done under similar circumstances. The accident was caused by an independent intervening cause, namely: The starting of the car by the children. This was the proximate cause of the accident.   The accident was an unfortunate one for the little fellow, but we do not see how it can be legally charged to the negligence of the defendant.   We think the court was in error in refusing to direct a verdict for the defendant, as requested.

The judgment will be reversed and a new trial ordered.   Defendant will recover its costs in this court.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, SHARPE, and STEERE, JJ., concurred.   MOORE, J., did not sit.