# Williams *v.* J. Gibson McIlvaine Company, Appellants.

*Negligence—Automobiles—Collision—Proximate cause.*

In trespass to recover for damage to an automobile, it appeared that plaintiff's car, while parked on a street in the busy section of Philadelphia, was struck and moved forward a short distance by defendant's employees, engaged in unloading a truck of lumber; some hours later a witness saw the car interlocked with another car standing in front of it at the same place; later the car to which it was interlocked was driven away, dragging plaintiff's car along and dislodging it in circumstances resulting in a collision with a street car. *Held,* the destruction of the automobile was not the legal consequence of the contact with defendant's lumber and judgment for defendant was proper.

Not decided whether it was contributory negligence to leave his car parked at the place in question during the entire day.

Argued October 10, 1923. Appeal, No. 64, Oct. T., 1923, by defendant, from judgment of the Municipal Court of Philadelphia, Oct. T., 1921, No. 94, in favor of the plaintiff in case tried by the court without a jury in suit of Harold Williams v. J. Gibson McIlvaine Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover for damage to an automobile. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of plaintiff for $275.91. Defendant appealed.

228 WILLIAMS *v.* J. G. McILVAINE CO., Appellants.

Assignment of Error—Opinion of the Court. [82 Pa. Superior Ct.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Harold S. Loeb,* and with him *J. Frederick Martin,* for appellants.—The plaintiff failed to establish proximate cause: Rhad v. Duquesne Light Co., 255 Pa. 409; Township of West Mahanoy v. Watson, 112 Pa. 574; Rugart v. Keebler-Wyle Baking Co., 277 Pa. 408.

*Frank Smith,* for appellee, cited: Douglass v. N. Y. C. & H. R. R. Co., 209 Pa. 128; Meyer v. Milwaukee Elec. R. Co., 116 Wis. 336; Hess v. Berwyn White Coal Co., 178 Pa. 239; Penn. R. R. Co. v. Kerr, 62 Pa. 353.

OPINION BY LINN, J., November 19, 1923:

Defendant appeals from judgment for plaintiff, in an action for damages resulting from a collision between his automobile and a street car in circumstances to be stated. The case was tried by a judge, who made a general finding for plaintiff without giving any reason for his conclusion.

At one o'clock p. m. defendant delivered a truckload of lumber to 2136 Market Street, Philadelphia. In sliding the lumber from the truck, eight or ten boards came in contact with plaintiff's automobile—a Maxwell car—standing in front of 2134 Market Street, and pushed it forward a short distance. In front of the Maxwell car stood a Nash car; and while the distance between the two cars was not given, a jury might have found that when the boards came in contact with the Maxwell car, they pushed it against the Nash car, and, we assume the court below so concluded. This unloading of the boards occupied a very short time. It does not appear that the brakes on the Maxwell car were set. Nor is there evidence whether anything, and, if so, what, occurred to plaintiff's car between the unloading of the boards about one o'clock and five, or shortly after five, o'clock, at which time, a witness testified that he saw

that the front part of the Maxwell car was up on the rear of the Nash car in such a way that their front and rear springs were interlocked and that the front wheels of the Maxwell car were three inches off the ground. Plaintiff testified that he had parked his car in front of 2134 Market Street about eight-thirty in the morning and when he came to drive away about five-thirty in the evening, the car was gone. There was evidence that shortly before that time a man entered the Nash car and drove it away, with the Maxwell car attached to it, and after going nearly four squares, shook the Maxwell car loose, so that it dashed against an approaching street car and was wrecked.

Plaintiff is not entitled to recover. Passing the point on which no argument was made,—whether plaintiff's conduct in leaving his car unattended on a busy section of Market Street during the whole of a weekday afternoon, was contributory negligence,—it is clear the destruction of his automobile was not the legal consequence of the contact with the ten boards but was the result of the intervention of the driver of the Nash car: see Nirdlinger v. Am. Dist. Tel. Co., 245 Pa. 453, 460; Township v. Watson, 112 Pa. 574, 578; Rhad v. Light Co., 255 Pa. 409, 414.

Judgment reversed and here entered for defendant.