## Martucci v. Schwarzman.

*Automobiles — Negligence — Leaving automobile standing with unlocked switch.*

1. It is not negligence to leave an automobile standing on a level street against the curb with the switch unlocked, if the power is shut off and the brakes are applied.

2. The owner was not required to foresee that mischievous boys, to him unknown, would avail themselves of the unlocked switch to take a joy-ride, in the course of which they would carelessly back the automobile into plaintiff's property and cause serious injury to it; such damage is too remote to be made the basis of a cause of action.

Trespass. C. P. No. 5, Phila. Co., March T., 1923, No. 6939.

*Evans, Forster & Wernick, for plaintiff; L. M. Schoch, for defendants.*

SMITH, J., Jan. 3, 1925.—This is an action in trespass. The Studebaker automobile of the defendant, at 7.30 P. M. on April 22, 1923, was left standing at the corner of Vollmer and Fifth Streets, a residential section of the City of Philadelphia, while one of the defendants, Harry Schwarzman, and his wife were visiting relatives at No. 440 Vollmer Street. At this place the street was level; the motor of the automobile was stopped; it was standing close to the curb and the brakes were on.

About 9.30 P. M. the same evening the property of the plaintiff, situate on the northeast corner of Shunk and Reese Streets, was badly damaged by

Martucci *v.* Schwarzman.

the automobile of the defendants backing into the wall of this building to a depth of three feet.

Neither one of the defendants nor any authorized agent was in the automobile at the time of the accident. The testimony is that no one was in the automobile at the time of the collision. To have reached the point of impact on plaintiff's wall from the place where Harry Schwarzman left his automobile, it would have had to run backwards down Fifth Street, turn at right angles into Shunk Street, continue west into Reese Street, and then turn again at right angles on to the Reese Street sidewalk into the building of the plaintiff. It is obvious, after casual consideration, that without the intervention of human agency the tortuous path of this vehicle could not have been negotiated.

In the consideration of the question of the so-called human agency, two thoughts occur: Did the defendants authorize or permit the operation of this automobile by any one else at this time? There is no evidence that they did. The second thought is: Did they permit this automobile to remain standing exposed to the intervention of intermeddling youths, who caused the motor to operate and this damage to occur? There is evidence of a witness for plaintiff, one Thomas Hennessy, that on the evening in question some children from seven to thirteen or fourteen years of age were running this automobile back and forth on the street. He further testified that the boy at the wheel when he saw it being thus operated was Isadore Weinman, a boy thirteen or fourteen years of age, whom the witness on other occasions saw drive his father's automobile up and down the street. No one, however, saw any of the boys in the defendants' machine just immediately before the accident. There is testimony by this witness Hennessy that on other occasions he saw boys playing with this machine, sometimes with the motor running and sometimes not. There is no evidence that either of the defendants knew that the boys were playing in this automobile on the evening of the accident or at any time before that night. As a matter of fact, there is no averment in the plaintiff's statement of claim, as an act of negligence, that the defendants knew that boys had played in this automobile before the date of the accident, or that the defendants had knowledge, or should have had knowledge, that boys in this neighborhood intermeddled with standing automobiles.

Is it an act of negligence to leave an automobile standing on a level street against the curb with the power shut off and the brakes applied—if the switch is not locked? This question is answered in the negative if no extraneous matters enter into the consideration.

This automobile could not have been started without the intervention of an independent agency. The switch first had to be turned, the brake released and the gear put in reverse by some wilful human agency before this automobile by its own power could be propelled backward. The producing cause of this damage was the active, independent, intermeddling boy who manipulated these propelling parts of this automobile. The leaving of this automobile by one of the defendants in the position and condition in which the evidence shows it was is not negligence, and if, for the purpose of argument, it be construed as negligence, it would not be the proximate cause of the injury. It is not pleaded, and there is no evidence that the defendants knew, that boys had played around this autmobile at other times, and the jury should not, therefore, have considered or passed upon this phase of the case. There was nothing before the jury for consideration.

In Rhad *v.* Duquesne Light Co., 255 Pa. 409, Mr. Justice Potter said (page 414), confirming the earlier cases: "The rule is well settled that the injury

Martucci *v.* Schwarzman.

must be the natural and probable consequence of the negligent act without probable foresight, and if the facts as to the cause of the injury are not disputed, the question of proximate cause becomes one of law for the determination of the court."

The motion for judgment *non obstante veredicto* is granted in favor of the defendant and an exception is noted for plaintiff.